PETER MORRILL'S ADMX. *v.* CATHOLIC ORDER OF FORESTERS.

October Term, 1906.

Present: ROWELL, C. J., TYLER, MUNSON, WATSON, POWERS, and MILES, JJ.

Opinion filed January 19, 1907.

*Corporations—Corporate Seal—Sealed Life Insurance Policy —Whether a Specialty—Action Thereon—General Assumpsit—No. 121, Acts 1896.*

A corporation may, for the time, adopt any seal it chooses as its corporate seal, and such seal, affixed to an instrument, attested by the signatures of the proper officers, is *prima facie* evidence that it was lawfully affixed, and that the instrument is the act of the corporation.

After the death of the covenantee named in a sealed life insurance policy, only his legal representative can maintain an action thereon, although the covenant is for the benefit of third persons.

In general assumpsit, under No. 121, Acts 1896, on a certificate of life insurance, where defendant demanded and was granted oyer of the certificate, and thereupon recited it in a demurrer to the declaration, the certificate was thereby made a part of the declaration, regardless of whether the defendant was entitled to such oyer.

A certificate of life insurance headed, "High Court Catholic Order of Foresters," reciting that it is issued to the insured as a member of the order, at whose death the "Catholic Order of Foresters" promises to pay $1,000 to the beneficiaries therein named, concluding with, "In Witness Whereof the High Court of the Catholic Order of Foresters has hereunto affixed its seal and caused this certificate to be signed by its High Chief Ranger and attested and recorded by its High Secretary," purporting to be so signed and attested, witnessed, and having affixed thereto a large seal bearing the impress, "High Court Catholic Order of Foresters," is a specialty; and in the absence of evidence to the contrary, it will be presumed that said seal is the proper and common seal of the Catholic Order of Foresters.

*Bank of the Metropolis* v. *Guttschlick*, 14 Pet. 19, distinguished.

No. 121, Acts 1896, providing that general assumpsit shall be a sufficient declaration in actions on policies of insurance, "and no other or different one shall be required," does not make the action of assumpsit appropriate where it is not so at common law; therefore, general assumpsit on a sealed policy of life insurance cannot be maintained under that Act.

GENERAL ASSUMPSIT on a certificate of life insurance, brought under No. 121, Acts 1896. Heard on demurrer to the declaration at the March Term, 1906, Orleans County, *Watson,* J., presiding. Demurrer overruled, *pro forma,* and declaration adjudged sufficient. The defendant appealed. The certificate in question recited that the "Catholic Order of Foresters hereby promises and binds itself to pay" $1,000 to the beneficiaries therein named.

*Young & Young* for the defendant.

The seal affixed to the certificate is a legal seal.   25 Am. & Eng. Enc. of Law, 73, 80; *Beardsley* v. *Knight,* 4 Vt. 471; *Bank* v. *Slason,* 13 Vt. 334; *Bates* v. *Boston, etc. R. Co.,* 92 Mass. 251; *Warren* v. *Lynch,* 5 Johns. 239; 4 Thomp. Corp.; §5070; *Allen* v. *Sullivan R. Co.,* 32 N. H. 446.

Said seal is the corporate seal of the Catholic Order of Foresters for the purpose of sealing the certificate, whether it is the common seal of that corporation or not.   4 Thomp. Corp., §5079; *Bank of Middlebury* v. *Rutland, etc. R. Co.,* 30 Vt. 159; *Stebbins* v. *Merritt,* 64 Mass. (10 Cush.) 27; *Mill Dam Foundry* v. *Hovey,* 38 Mass. (21 Pick.) 417; *Jacksonville, etc. Ry. & Nav. Co.* v. *Hooper,* 160 U. S. 514.

The certificate is a specialty.   4 Thomp. Corp. §5068, p. 3787; *Warren* v. *Lynch,* 5 Johns, 239; *Bates* v. *Boston, etc., R. Co.,* 92 Mass. 251, 7 Am. & Eng. Enc. of Law, 693; 25 Am. & Eng. Enc. of Law 80; *Conine* v. *Junction, etc. R. Co.,* 3 Houst. 288; *Clark* v. *Farmers Woolen Mfg. Co.,* 15 Wend. 256; *Allen* v. *Sullivan R. Co.,* 32 N. H. 446; *Cheney* v. *Gates,* 12 Vt. 565; *Bank of Middlebury* v. *Rutland, etc., R. R. Co.,* 30 Vt. 159; *Woodman* v. *York, etc. R. Co.,* 50 Me. 549.

A corporate seal affixed to a contract executed by a corporation where the instrument shows that it was intended to seal it, whether by express terms or by reasonable construction, makes such contract a sealed instrument.   25 Am. & Eng. Enc. of Law 73; 2 Bl. Com. 306.

The beneficiaries named in this certificate have an interest in the proceeds thereof which became absolute and vested in them immediately upon the death of the insured.   3 Am. & Eng. Enc. of Law 1108; *Worley* v. *Northwestern Masonic Aid Assn.,* 10 Fed. 227; *Felix* v. *Grand Lodge, etc.,* 31 Kan.

31

81; *Briggs* v. *Earl,* 139 Mass. 473; Niblack on Ben. Societies (2nd Ed.) 396; Bacon on Ben. Societies (3d Ed.) §237.

The only way to test the right of oyer is for the opposing party to counter plead or demur; and plaintiff not having done either, the right is conceded. Gould Pl. Ch. 8, §62; Stephen Pl. 72.

An administrator or executor cannot maintain an action to recover a fund unless the judgment when recovered becomes assets of the estate. 1 Chitty's Pl. 203; *Perkins* v. *Mathes,* 49 N. H. 107; *Pope* v. *Stacy,* 28 Vt. 96.

*J. W. Redmond* for the plaintiff.

The seal on this certificate is not the corporate seal of the defendant. *Osburne* v. *Tunis,* 25 N. J. L. 633; *Whiteford* v. *Laidler,* 94 N. Y. 151; *State* v. *Atlier,* 18 Ark. 269; *Regents of University of Mich.* v. *Detroit &c., Soc.,* 12 Mich. 138; *Bank of the Metropolis* v. *Guttschlick,* 14 Pet. 19.

If the seal is the corporate seal of defendant, it does not make the instrument a specialty. 4 Thomp. Corp., §§5053, 5054; *Central National Bank* v. *Charlotte Railroad Co.,* 22 Am. Rep. 14; *Levering* v. *Memphis,* 7 Humphr. (Tenn.) 553; *Brown* v. *Ins. Co.,* 21 A. C. (D. C.) 325; *Brainard* v. R. R. 32 Vt. 297.

If the certificate is a specialty, general assumpsit may nevertheless be maintained thereon by virtue of No. 121, Acts 1896. This statute is remedial and should be liberally construed. The condition sought to be remedied exists in the case of a sealed policy as much as when the policy is open.

TYLER, J. This action was brought in general assumpsit based upon an endowment certificate or policy of life insurance, issued by the defendant to Peter Morrill and payable to

his sons, Peter and Joseph Morrill, upon proof of his death and of his compliance with the conditions named in the certificate.    The defendant craved oyer of the certificate, which was granted, and it then demurred to the declaration.    The case is here upon exception to the overruling of the demurrer.

The action was brought under No. 121, Acts of 1896, the first section of which reads:

"In actions brought to recover on a fire, life or accident insurance policy, the general counts in assumpsit shall be a sufficient declaration, and no other or different one shall be required.    The plea of non-assumpsit shall put in issue only the execution of the policy and the amount of damages sustained thereunder."    The second section requires the plaintiff to file with the writ a specification giving the number of the policy, the date of the fire, death or accident, as the case may be, and the items of the policy involved in the claim.

1.    The first question is whether the suit is properly brought in the name of the administratrix of the intestate.    The undertaking was like that in *Tripp & Bailey* v. *Insurance Co.,* 55 Vt. 100, in that the consideration moved from the intestate and the promise was to him.    Here the sons were not promisees but beneficiaries.    In *Davenport, Admr.* v. *Insurance Co.,* 47 Vt. 528, the special count alleged that the promise was to the wife and children of the intestate, or their legal representatives, and the court held that no promise to the intestate was to be inferred.    *Powers* v. *Insurance Co.,* 69 Vt. 494, 38 Atl. 148, was an action upon an insurance policy which provided that in case of loss the amount should be payable to the mortgagee, yet it was held that the action was properly brought by the mortgagor in his name because the consideration moved from him and the promise was made to him, though the insur-

ance was for the benefit of the mortgagee.    If it is true, as the defendant contends, that this certificate is a specialty, then only the administratrix could bring the suit as the legal representative of the covenantee, although the covenant was for the benefit of third persons.    *Fairchild* v. *Life Association,* 51 Vt. 613.

2.    The defendant contends that the statute referred to does not apply to contracts under seal, and that if it does, the specification required by it is a sufficient profert of the instrument to entitle the defendant to oyer; that to simplify the pleadings the specification takes the place of a formal profert of the policy, if profert were necessary.

3.    The plaintiff contends that the certificate is not a sealed instrument, in a legal sense, and if so, that it is the seal of the officers and not of the corporation. The paper is headed, "High Court Catholic Order of Foresters, Endowment Certificate," and recites that it "is issued to Peter Morrill, a member of St. Anthony Court No. 390, C. O. F.," etc.   The final clause is: "IN WITNESS WHEREOF the High Court of the Catholic Order of Foresters has hereunto affixed its seal and caused this Certificate to be signed by its High Chief Ranger and attested and recorded by its High Secretary at Chicago, Ill., this seventh day of July A. D. 1899." It is signed by Thos. H. Cannon, High Chief Ranger, and attested by Theo. B. Thiele, High Secretary, and witnessed.   A large, round, gilt wafer, partly covering green ribbons, is attached upon which is stamped the words: "HIGH COURT CATHOLIC ORDER OF FORESTERS, Faith, Hope, Charity." The wafer also bears the emblem of the cross and the date of the organization of the Order.

It is said that the same general principles in respect to seals apply to private and to municipal corporations.    Dil. Munic. Cor. 190.    A common or corporate seal was at common law the seal of a corporation by which the corporate body manifested its acts as such.    1 Black. Com. 471.    It was said in *Beardsley* v. *Knight,* 4 Vt. 471, that corporations act by their seal, but it is now the rule in this country and in England that a corporation may make a contract without the use of a seal in all cases where this may be done by an individual. Morawetz Private Cor. 338.    A corporation may adopt any seal it chooses, for the time, as well as a private person.    *Bank of Middlebury* v. *R. R. Co.,* 30 Vt. 159.    It is laid down in 1 Dillon, 190, that the corporate seal attached to an instrument, attested by the signatures of the proper officers, is *prima facie* but not conclusive evidence that it was lawfully placed there, and that the instrument is the act of the corporation.

In support of the contention that this is not a corporate seal, but the seal of the officers of the corporation, the plaintiff cites *Bank of the Metropolis* v. *Guttschlick,* 14 Pet. 19. But in that case the certificate was that the president and cashier, by order of the board of directors, "have hereunto set their hands and seals," while here it is certified that the corporation affixes its seal *unless* the "Catholic Order of Foresters" which makes the promise to pay the $1,000, and the "High Court Catholic Order of Foresters" are different entities.    The plaintiff cites in her brief what purports to be a section from the by-laws of the Catholic Order of Foresters, which provides of what officers the High Court shall consist, but the demurrer does not bring the constitution and by-laws of the corporation before us, and we cannot consider them. There is nothing in the certificate itself to indicate that the seal is not the seal of the corporation.

The corporation made the contract with the intestate and issued the certificate to him, and if it had another and different seal from the one attached to this paper, or if it had no corporate seal, it on this occasion and for this purpose adopted this as its corporate seal. *Bank of Middlebury* v. *R. R. Co., supra; Cheney* v. *Gates,* 12 Vt. 565; *Keith* v. *Kibbe,* 10 Cush., p. 35; *Mill Dam Foundry* v. *Hovey,* 21 Pick., p. 428; *Jacksonville etc. R. & Nav. Co.* v. *Hooper,* 160 U. S. 514, 40 Law. Ed. 515; *Phillips* v. *Coffee,* 17 Ill. 154; *Clark* v. *Farmer's Mfg. Co.,* 15 Wend. 256.

In the absence of evidence to the contrary it will be presumed that the seal affixed to the instrument is the proper and common seal of the corporation and regularly attached. See cases last above cited and 25 Am. & Eng. Ency. 79. The contention that the certificate was executed under seal is therefore sustained.

As the case stands it is immaterial whether oyer was demandable or not, for it was in fact demanded and given. This made the certificate a part of the declaration and gave the defendant a right to plead thereon. Com. Dig. tit. Pleading, p. 1; *Story* v. *Kimball,* 6 Vt. 541.

4. It is contended, however, that the Act of 1896 is applicable even though the certificate be a contract under seal. But we do not think this was within the contemplation of the law making power. The statute does not say that the action of assumpsit may be brought on all insurance policies whether under seal or not, and that the general counts shall be a sufficient declaration. It does not make the action of assumpsit appropriate when it is not so at common law. It merely makes the general counts sufficient in that action where a special declaration was before necessary. In other words, it does not purport to deal with the form of the action, but merely with the mode

of declaring. This seems to have been the view of the Court when the case of *Hersey* v. *Northern Assurance Co.*, 75 Vt. 441, 56 Atl. 95, was before it. There the question was whether the statute had changed the burden of proof, and the Court said that it construed the Act only as providing for a simpler mode of declaring. A minority of the judges are of opinion that the action should be maintained under the Act of 1896.

*Pro forma judgment reversed, demurrer sustained, declaration adjudged insufficient and judgment for defendant to recover its costs.*