DENOYER, Respondent, vs. FIRST NATIONAL ACCIDENT COMPANY, Appellant.

*February 21—March 14, 1911.*

*Accident insurance: False statement by applicant: Evidence: Change of occupation: Injury in prohibited occupation: Liability: Notice of prohibition: Amount of recovery.*

1. Fraud must be proven with some degree of certainty and cannot be inferred or presumed from ambiguous evidence.

2. No false representation by an applicant for accident insurance in stating that he was by occupation a miller is shown by evidence that he was at the time operating a flour mill and that *at or about or after* that time he got a sawmill attachment and personally operated it.

3. Where an accident policy recognizes the right of the assured to change his occupation and liability of the insurer to compensate him in some amount for injury sustained in a more hazardous occupation, the assured may recover for injury sustained in an entirely prohibited occupation, where he had no notice, actual or constructive, of such prohibition; and the amount recoverable is that stipulated in the policy, if no agreement or stipulation for a less sum is shown.

4. A manual of instructions gotten up for the guidance of the agents of an unincorporated insurer, but not brought to the attention of the assured, is not competent evidence as against the assured to change the construction which his written policy would otherwise bear.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Kelly & Manson,* and oral argument by *John T. Kelly.* They cited *Blumer v. Phœnix Ins. Co.* 45 Wis. 622; *Baumgart v. Modern Woodmen of America,* 85 Wis. 546, 55 N. W. 713; *Murphey v. Am. Mut. Acc. Asso.* 90 Wis. 206, 62 N. W. 1057; *Loehr v. Supreme Assembly E. F. U.* 132 Wis. 436, 112 N. W. 441; *Mowat v. Wilkinson,* 110 Wis. 176, 85 N. W. 661; *Lee v. C., St. P., M. & O. R. Co.* 101 Wis. 352, 77 N. W. 714; *Baxter v. Farmington,* 42 Wis. 425; and other cases.

For the respondent there was a brief by *Jeffris, Mouat,*

*Smith & Avery,* and oral argument by *L. A. Avery.* They cited, among other cases, *Weidner v. Standard L. & A. Ins. Co.* 130 Wis. 10, 110 N. W. 246; *French v. Fidelity & C. Co.* 135 Wis. 259, 115 N. W. 869; *Kircher v. Milwaukee M. Mut. Ins. Co.* 74 Wis. 470, 43 N. W. 487; *Lord v. Am. Mut. Acc. Asso.* 89 Wis. 19, 61 N. W. 293; *Lathers v. Mut. F. Ins. Co.* 135 Wis. 431, 116 N. W. 1; *Straker v. Phenix Ins. Co.* 101 Wis. 413, 77 N. W. 752; *Stevens v. Modern Woodmen of America,* 127 Wis. 606, 107 N. W. 8; *Schmidt v. Am. Mut. Acc. Asso.* 96 Wis. 304, 71 N. W. 601; *Fox v. Masons' F. Acc. Asso.* 96 Wis. 390, 71 N. W. 363; *Comstock v. Fraternal Acc. Asso.* 116 Wis. 382, 93 N. W. 22; *John O'Brien L. Co. v. Wilkinson,* 123 Wis. 272, 101 N. W. 1050; *Hewitt v. John Week L. Co.* 77 Wis. 548, 46 N. W. 822; *Cannon v. Home Ins. Co.* 53 Wis. 585, 11 N. W. 11; *Best v. Sinz,* 73 Wis. 243, 41 N. W. 169; *Hall v. Am. M. Acc. Asso.* 86 Wis. 518, 57 N. W. 366; *Adams v. Rodman,* 102 Wis. 456, 78 N. W. 588, 759; *Goldman v. Fidelity & D. Co.* 125 Wis. 390, 104 N. W. 80; *Newton v. Theresa Village Mut. F. Ins. Co.* 125 Wis. 289, 104 N. W. 107; *Maxon v. Gates,* 136 Wis. 270, 116 N. W. 758; *Ferguson v. Truax,* 136 Wis. 637, 118 N. W. 251.

TIMLIN, J.   There was a recovery of $480 on a policy of accident insurance whereby the appellant insured the respondent in the sum of $40 per month against nonfatal accidental injuries which solely and independently of all other causes should immediately and totally disable the insured and prevent him from attending to any of the duties pertaining to his occupation for a period of continued disability not to exceed fifty-two consecutive weeks for any one injury. Conditions incorporated into the policy by express reference were the following:

"Fraud, misstatement or concealment of any fact in the application for this insurance, or for any claim made under this policy, shall render this contract void."

"If the insured shall be injured while exposed to hazard greater than his occupation as classed by the company, its liability shall be only for such amount as is provided for the more hazardous class."

No other conditions or forfeitures are provided. One defense was that in his application for this policy the respondent stated that he was by occupation a miller, but fraudulently misstated and concealed the fact that he owned and operated a sawmill equipped with a circular saw for cutting logs into lumber and personally operated said saw and the cutting of logs therewith, and while so doing received the injury in question. Another, that operating a circular saw was an occupation classed by the defendant as a prohibited risk and persons engaged therein were not insurable by the defendant.

The evidence was that at the time of making the application *Denoyer* was operating a flour mill and got his sawmill attachment at or about or after that time. He therefore made no false representations. Fraud must be proven with some degree of certainty and cannot be inferred or presumed from ambiguous evidence. There is nothing in the policy which avoids the policy after its issue merely because the assured changed his occupation, and there is no covenant or condition therein that he shall continue in the occupation in which he was engaged at the time the policy issued. On the contrary, the policy itself recognizes the right of the assured to make some change, with the effect only of decreasing his indemnity.

There is a clear recognition of the liability of the company to respond in damages for loss of time resulting from injuries sustained by the assured while acting outside of the given occupation. The appellant meets this by saying that the occupation of operating a circular saw was not merely one of greater hazard but an entirely prohibited risk. This defense is unavailable, because this covenant or condition does not appear in the application, policy, or any other paper to have

been brought to the attention of the assured. The book of instructions to agents which it is claimed classifies risks and prohibits insurance on one engaged in operating a circular saw is not made a part of the bill of exceptions, and there is no competent evidence before us to show that there is any such regulation. The defendant is not a corporation; has no by-laws. The instructions to agents or the manual is a book gotten up by the president of the unincorporated defendant for the guidance of his solicitors and agents, and is not competent evidence as against the plaintiff to change or modify the construction which his written contract would otherwise bear. The defense of fraud having failed for lack of evidence, and the fair construction of the written contract being that if one steps aside from his given occupation and is injured he may nevertheless recover something, the plaintiff is entitled to recover. The burden was on the defendant to establish a forfeiture or an exception which would take the case out of the broad covenant for liability first found in the policy. *Cronkhite v. Travelers Ins. Co.* 75 Wis. 116, 43 N. W. 731, 40 L. R. A. 448, note.

In order to reduce this recovery the defendant must show by some stipulation or agreement that plaintiff was entitled to a less sum than that awarded by the jury. The evidence is silent on this subject.

*By the Court.*—Judgment affirmed.