BRAHMSTEADT, Respondent, vs. MYSTIC WORKERS OF THE WORLD, Appellant.

*February 19—March 11, 1913.*

*Life insurance: Mutual benefit certificate: Forfeiture: Burden of proof: Death resulting from violation of law: Self-defense: Instructions to jury: Evidence: Res gestæ.*

1. In an action by the beneficiary upon a mutual benefit certificate the burden of showing that there had been a forfeiture was upon the defendant.
2. Where the insured was killed by one B. in a gun fight, and the certificate provided that it should be void if death occurred in consequence of any violation or attempted violation of law, an instruction to the jury to the effect that if deceased attempted to shoot B., but not until he was first feloniously assaulted by B., and then fired only in defense of his own person, etc., such shooting by deceased did not constitute an unlawful assault, was favorable to defendant, since it is not always necessary to self-defense that the assault repelled should in fact have been felonious.
3. If such instruction did not contain a complete definition of self-defense, the objection thereto was waived by defendant's failure to propose any supplementary instruction.
4. In such case, B.'s version of the affray given to a witness immediately after the killing of the insured and before the flight of B., who was never apprehended, is not admissible, as part of the *res gestæ*, to show that the death occurred in consequence of any violation or attempted violation of law by the insured.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the briefs of *H. F. Steele,* attorney, and *Charles E. Sturtz,* of counsel, and for the respondent on that of *E. D. Minahan.*

TIMLIN, J. The respondent was beneficiary in a membership certificate for $2,000 payable in case of death and issued by the appellant to one Edward M. Brahmsteadt, deceased. The certificate contained the following condition:

"If death shall occur in consequence of any violation or attempted violation of the laws of any state, territory, prov-

ince or country in which he may be . . . then this certificate shall be null and void and of no effect, and all moneys which have been paid and all rights and benefits which have accrued on account of this certificate, shall be absolutely forfeited and this certificate become null and void."

The appellant interposed a defense under this paragraph of the contract. The jury found a verdict for the plaintiff under an instruction as follows:

"If you should be satisfied by the evidence that said Brahmsteadt did attempt to shoot the said Barnes, but should further believe from the evidence that he did not do so until he was first feloniously assaulted by said Barnes and then fired only in the defense of his own person under such circumstances of danger as made it appear to him reasonably necessary to protect himself from death or great bodily harm that he should attempt to shoot said Barnes, then you cannot find that said shooting by said Brahmsteadt constituted any unlawful assault and your verdict should be in favor of the plaintiff."

The evidence tended to show that in a gun fight between one Barnes and the insured the latter was killed by Barnes. There was produced at the trial no eye-witness of the affray and the evidence submitted was largely circumstantial. The burden of proof to bring the case within the forfeiture clause of the policy was upon the appellant. *Denoyer v. First Nat. Acc. Co.* 145 Wis. 450, 130 N. W. 475, and cases cited. It follows that the verdict may be supported by insufficiency of the evidence to establish the opposite conclusion. We find the verdict so supported and also having affirmative support. The instruction above quoted is favorable to appellant in that it requires more in some particulars than is ordinarily necessary to make out a case of justifiable homicide. True, it also falls short of a complete definition, but it was the duty of the appellant in the latter case to propose and offer a supplementary instruction. It is not always necessary to self-defense that the attack or apparent attack repelled should in

fact have been felonious.    There is no prejudicial error in this instruction.

It is argued that the court erred in excluding the testimony of a witness to whom Barnes gave his version of the affray immediately after the killing of Brahmsteadt and before the flight of Barnes, who has never been apprehended.    The testimony offered was purely hearsay, but thought to be nevertheless admissible as *res gestæ*.    This phrase has been very variously and loosely applied, but more frequently, I think, to designate certain unsworn oral declarations which would ordinarily be excluded as hearsay, but by reason of their relation to some other relevant fact or transaction under judicial investigation are denominated *res gestæ* and admissible notwithstanding their hearsay character.    "The idea of the *res gestæ* presupposes a main fact or principal transaction, and the *res gestæ* mean the circumstances, facts, and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character."    Quoted in *Hermes v. C. & N. W. R. Co.* 80 Wis. 590, 50 N. W. 584. Such declarations usually tend to show a mental state, as interest, motive, notice, knowledge, or the lack thereof, or are in the nature of verbal acts, indispensable and elemental constituents of the transaction under investigation, and admissible if we are to have this transaction in its entirety.    But the further we recede from the direct investigation of the act or transaction in which such declarations were made, the less competent or admissible becomes this kind of hearsay.    When in some collateral inquiry the act or transaction in the doing of which the declarations were made, alone and without such declarations, is irrelevant and incomplete, it cannot be helped out by such declarations, especially if self-serving to the person speaking them and made after the act was consummated. That would be proving the issue by hearsay, for without the hearsay nothing was established.    The fact here under investigation is whether or not the death occurred in conse-

quence of any violation or attempted violation by the insured of the laws of this state. The affirmative of this is required to be established by competent evidence, and it would be an obvious misapplication of the *res gestæ* doctrine to hold that the unsworn and self-serving statements of the slayer, made after the homicide was consummated, could be admitted in evidence for any such purpose. Indeed, there is authority to the effect that even in a prosecution for the homicide, where the transaction which resulted in death, with its motive or malice, is the direct subject of judicial investigation, such declarations after the fact are not admissible as *res gestæ*. *King v. State,* 65 Miss. 576, 5 South. 97, 7 Am. St. Rep. 681.

*By the Court.*—Judgment affirmed.