CITY OF BARABOO, Appellant, vs. EXCELSIOR CREAMERY COMPANY, Respondent.

*March 10—April 6, 1920.*

*Bridges: Running into bridge by automobile: Action by city for damage: Negligence: Defective condition of highway contributing to cause accident: Effect: Knowledge of city officers as to defect in highway: Ineffective repair by city: Evidence: Photographs: Purpose: Discretion of court: Trial: Special verdict: Statement of issues: Instructions: Appeal: Harmless error: Extending time to settle bill of exceptions: Courts: . Policy to expedite final disposition of cases.*

1. In order that a city may recover for damages to one of its bridges by being run into by defendant's automobile truck, it must appear not only that the driver of the truck was negligent, but that no defect in the highway contributed to produce the collision; and where the jury found against the city on both issues, any error as to the trial of one of them will not affect a judgment for the defendant, if the other was tried without error.

2. Photographs may be offered in evidence for the purpose of identifying persons, places, and things and to exhibit particular locations or objects, where it is important that the jury should have a clear idea of the same and where the photographs will better show the situation than will the testimony of witnesses.

3. The reception in evidence of a photograph rests largely in the discretion of the trial court; and where it was made clear to the jury that a photograph was offered by the defendant for the purpose of showing the manner in which the city had repaired the approaches to the bridge and not to show the

Baraboo v. Excelsior Creamery Co. 171 Wis. 242.

physical appearance of the highway at the time of the accident, the court did not abuse its discretion in receiving the photograph in evidence.

4. A special verdict calling for findings as to whether the driver of the truck was negligent, and, if so found, whether it proximately contributed to the collision, the insufficiency or want of repair of the highway and whether it proximately contributed to the injury, is sufficient, when submitted with proper instructions, it being unnecessary and bad practice to divide and subdivide the issues by questions in the nature of a cross-examination of the jury.

5. Where the approaches to the bridge had been repaired by the city under the supervision of its engineer and street commissioner, and the defect in the approach grew out of the manner in which such repairs were made, it was unnecessary to show any other facts to charge the city officers with actual or constructive knowledge of the defect.

6. Any want of ordinary care, no matter how slight, on the part of the plaintiff, which proximately contributes to the injury, amounts to contributory negligence.

7. While to constitute error for a refusal to charge the jury as requested, the request should be submitted to the court in writing before the argument is begun (Circuit Court Rule XXIII), counsel may properly, at the conclusion of the charge, call the attention of the court to inadvertencies, omissions, or errors in the instructions.

8. The action of the court in requiring that an appeal be taken within a certain time as a condition of an extension of the time for the settlement of the bill of exceptions will not be considered where the bill of exceptions was taken within the required time or without prejudice to appellant, the appeal presenting nothing but a moot question.

9. Any policy adopted by trial courts which tends to expedite the disposition of cases will not be frowned upon by the supreme court where it appears that no substantial rights of litigants have been prejudiced.

APPEAL from a judgment and order of the circuit court for Sauk county: JAMES O'NEILL, Judge. *Affirmed.*

On the morning of the 11th day of September, 1918, defendant's truck, while being operated by an employee, collided with and damaged a bridge in the city of *Baraboo.* This action was brought to recover the resultant damages. The case was tried before a jury and a special verdict returned, in which it was found (a) that the driver of the

truck did not fail to exercise ordinary care in the manner in which he drove and conducted his car as he approached the bridge; (b) that the highway west of the bridge, and as the bridge was approached by vehicles coming east, in respect to the manner in which and the material of which it was constructed, was defective and insufficient; (c) that such defective and insufficient condition of the highway contributed to the collision. Upon this special verdict a judgment was rendered in favor of the defendant, and the plaintiff appealed.

· The cause was submitted for the appellant on the brief of *V. H. Cady* of Baraboo, and for the respondent on that of *Grotophorst, Thomas & Quale* of Baraboo.

OWEN, J.   The evidence shows that the westerly approach to the bridge was built of macadam, which had deteriorated and become rough, and that there were at least two pronounced holes, five or six inches deep, in close proximity to the bridge.   In the summer of 1918 the city repaired the approach to the bridge by covering the macadam with material consisting largely of clay soil.   When the weather was dry this material made a hard, dry surface, but after a rain the approach was soft and muddy, and this was especially true at the points where clay soil, to the depth of five or six inches, had been used to fill up the holes. Early in the morning of September 11th defendant's employee was hauling some cream cans to the depot.   It had rained the night before, and the clay dressing placed upon the approach to the bridge had become soft and slippery, and the truck slued and struck the bridge, causing the damage complained of.

In order to entitle plaintiff to recover it must appear not only that the driver of the truck was negligent in the manner in which he managed the same, but that no deficiency of the highway contributed to produce the collision.   The jury found both of these issues against the city.   If either was

tried without error it will be unnecessary to consider alleged errors affecting the other. The errors assigned by appellant to impeach the verdict, so far as the deficiency of the highway is concerned, are as follows: (1) the reception in evidence of a photograph of the highway in question taken three weeks after the collision; and (2) the refusal of the court to submit as a part of the special verdict certain questions requested by the appellant. These will be considered.

1. The court received in evidence a photograph offered by respondent showing the condition of the highway as it approached the bridge three weeks after the collision. Appellant contends that this was error. It was not claimed by respondent that the photograph showed the condition of the highway at the time of the accident. It was introduced for the purpose of advising the jury of the nature of the top dressing with which the city had repaired the approach. The photograph reveals deep wheel tracks made in the mud and, as plainly stated by respondent's counsel, was offered for the purpose of showing this fact to the jury and not for the purpose of showing the physical appearance of the highway at the time of the accident. It is well established that photographs may be offered in evidence for the purpose of identifying persons, places, and things, and to exhibit particular locations or objects, where it is important that the jury should have a clear idea of the same, when the photographs will better show the situation than will the testimony of witnesses. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 324, 80 N. W. 644. The reception of a proffered photograph rests largely in the discretion of the trial court (*Mauch v. Hartford,* 112 Wis. 40, 87 N. W. 816), and in order to construe the reception of this photograph in evidence as reversible error it is necessary to find that the court abused its discretion in the premises. Had it not been made clear to the jury that the photograph did not purport to represent the condition of the street on the morning of the accident, its reception undoubtedly would have been

error. But, as above stated, it was made clear that this was not the purpose of the offer, but that it was to show the fact that the macadam street had been covered with a deep coating of clay soil, which in wet weather became soft and muddy, thereby presenting a treacherous surface to one who did not know the nature or depth of the top dressing. We cannot say that the court abused its discretion in receiving the photograph for this limited purpose.

2. The special verdict comprised but four questions, calling for findings of the jury as to the negligence of the driver of the truck, and, if negligence should be found, whether it proximately contributed to the collision; the insufficiency or want of repair of the highway and whether it proximately contributed to the collision. It must be conceded that these were the ultimate facts upon which rested the right of the city to recover. It was a model verdict when submitted with proper instructions. The appellant city complains because the verdict did not include some sixteen questions requested by it. Necessarily these questions divided and subdivided the issues as submitted and were in the nature of a cross-examination of the jury. This court has repeatedly disapproved such practice.

Appellant especially complains of the refusal of the court to submit certain questions calling for findings concerning the knowledge, actual or constructive, on the part of the city officers of the defective condition of the highway. It claims these questions should have been submitted by reason of provisions of the city charter to the effect that:

"The city shall not be liable for any damages growing out of any sidewalks, streets, drains, sewers, gutters, ditches or bridges in said city being in a defective or dangerous condition or out of repair, unless it be shown that previous to the happening of the same, the common council, or some member thereof, or the street commissioner, had actual knowledge thereof; and no knowledge of such condition will be presumed unless the defect out of which the same occurred, existed four weeks before such damages occurred."

The evidence shows without dispute that the macadam was in a state of deterioration in the summer before the accident, and that because of this fact the city, through its proper agencies and under the supervision of the city engineer and the street commissioner, essayed to place it in a state of proper repair by surfacing it with the clay-soil material. The defect in the highway, as found by the jury, grew out of the very manner of its repair by the city officers. The only conclusion is that the city officers knew all about the condition of the street, and it was unnecessary to show any other facts charging them with notice, either actual or constructive. *Woodward v. Boscobel,* 84 Wis. 226, 54 N. W. 332; *Brunette v. Gagen,* 106 Wis. 618, 82 N. W. 564.

Perhaps one other assignment of error is worthy of notice. After the court had charged the jury respondent's counsel asked it to further charge the jury as follows: "If you find that the condition of the highway only proximately contributed but slightly to the causing of the collision, you will answer the fourth question 'Yes.'" Appellant contends that the instruction is not a correct statement of the law, and, further, that it should not have been given because not seasonably requested. We regard the instruction a correct statement of the law applicable to the issues. It is a well settled principle of negligence law that any want of ordinary care, no matter how slight, on the part of the plaintiff which proximately contributes to the injury amounts to contributory negligence. We can see no reason why this principle is not applicable in the case of a city suing for damages to which the defective condition of its streets contributed.

It is claimed that by virtue of sec. 2, Circuit Court, Rule XXIII, the request should have been submitted to the court in writing before the argument of the case to the jury was begun. This is true, in order to constitute error for refusal to charge the jury as requested. But it is the privilege, if indeed it is not the duty, of counsel at the conclusion of the charge to direct the court's attention to inadvertencies, omis-

sions, or errors therein. *Brahmsteadt v. Mystic Workers of the World,* 152 Wis. 580, 140 N. W. 354. Error cannot be predicated upon efforts of counsel thus made to promote a full and fair submission of the issues to the jury. In the instant case the court appreciated the propriety of the instruction immediately upon its suggestion. The result was to promote rather than to defeat justice, and the incident does not remotely savor of error.

We see no error attending the submission of the city's negligence to the jury. The jury having found against the city in this respect, it cannot recover, and it is therefore unnecessary to consider assignments of error attending the trial and submission of the issue of defendant's negligence.

The city also appeals from an order extending the time for the settlement of a bill of exceptions because the court imposed as a condition of relief the requirement that the appeal should be taken in time to have the case placed upon the January calendar of this court. The appeal was taken in time to have the case placed upon the present calendar in accordance with the condition of the order, the bill of exceptions was duly settled, the case has been properly presented, and the rights of the city have in no way been prejudiced. Under the circumstances the appeal presents nothing but a moot question. The result of the order has been to expedite the final disposition of the case, as it is to be inferred that but for the order the city attorney would have delayed his appeal and protracted the litigation for another year or thereabouts. As it is, the final decision of this court is rendered within a year after the commencement of the action, the summons having been served April 8, 1919. While this dispatch in the disposition of litigation is not unusual in this state, it is to be regretted that it is not more general. We do not want to make this incident the subject of a lecture, but it rather forcibly suggests that upon the dilatory lawyer rests much of the blame for the law's delays. The members of the bar, above all others, should shield the

courts from unjust criticism. Protracted litigation breeds
dissatisfaction with the courts and robs them of the people's
confidence. A distrust of the courts is most deplorable in
a democracy. None appreciate this more keenly than the
members of the bar, and none can do so much to inspire
confidence in the courts as can the legal profession. The
times call for executive as well as professional ability on the
part of the lawyers. If they will vigorously press their
cases, little justification for complaints concerning the law's
delays will be found in this jurisdiction. We may say, as a
general proposition, that any policy adopted by trial courts
tending to expedite the disposition of cases will not be
frowned upon by this court, where it appears that no sub-
stantial rights of litigants have been prejudiced.

*By the Court.*—Judgment and order appealed from af-
firmed.