ABE JACOBS *v.* LOYAL PROTECTIVE INSURANCE COMPANY.

May Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed May 7, 1924.

*Insurance—Burden of Proof—Exceptions in Policy—Whether Plaintiff's Injury Within Exceptions in Policy—Jury Question Where Opposing Inferences Possible—Effect of Provision in Policy as to Conclusiveness of Proofs Submitted— Instructions to Jury—Harmless Error—"Wrestling"— "Total Disability"—Presumption of Innocence Where Insurer Relies on Claim That Insured Was Engaged in Unlawful Act When Injured—Exceptions to Instructions Outside Issue—Motion to Set Aside Verdict Addressed to Trial Court's Discretion.*

1.  In an action on an accident insurance policy, the burden of proof is on the defendant to show by a fair preponderance of the evidence that the injury for which recovery is sought resulted from a cause which, by the terms of the policy, would relieve the insurer from liability.

2.  The plaintiff in an action on an accident insurance policy has the burden of showing that the injury for which indemnity is sought is within the general terms of the policy.

3. In an action on an accident insurance policy, where the insurer seeks to avoid liability by claiming that the accident and injury came within a specific exception in the policy, the general rule that the defense is affirmative in character and must be alleged and proved by the defendant is not changed by G. L. 1801, relating to simplified pleadings on insurance policies, as the statute does not change the substantive rights of the parties.

4. In an action on an accident insurance policy, the evidence as to whether plaintiff's injury was from fighting and thus within the exceptions of the policy being such that opposing inferences could be drawn therefrom, the question was for the jury, and defendant's motion for a directed verdict was properly overruled.

5. The provision of an accident insurance policy that all proofs submitted should be conclusive upon the claimant, did not preclude the insured, who had answered questions therein framed by the insurer consistently with the evidence at the trial, from showing other circumstances attending the transaction.

6. In an action on an accident insurance policy, although it was outside the requirements to charge that where the issues in the case involved "a determination of whether the injury comes within the excepting provisions contained in the policy, such excepting provisions are to be taken strongest against the company," such instruction was harmless, it being merely a correct statement of the rule of construction which the court applied in subsequent portions of the charge, and no claim being made that questions properly for the court were left for the jury's determination.

7. In an action on an accident insurance policy, where the facts stated by the plaintiff in the proofs submitted were consistent with the evidence at the trial, failure to charge that the statement of facts in the proofs should be treated as conclusive in accordance with the policy was not error.

8. A provision in an accident insurance policy that "Statement of facts in all proofs submitted shall be conclusive upon the claimant," must be given a reasonable construction in view of the purpose for which the contract was made.

9. In an action on an accident insurance policy, excepting injuries received from wrestling, failure of the court to instruct the

jury that the acts from which the injury occurred "might constitute wrestling" within such provision of the policy was without error, where the most favorable evidence tended to show that plaintiff was seized by a person whom he had struck with a broom, and was by such person thrown to the floor—wrestling being a sport consisting of the contest between two persons who seek to throw each other.

10. "Total disability" as used in an accident insurance policy defining the term as "inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing," does not mean absolute physical inability to transact any kind of business pertaining to the insured's occupation, but means disability from performing the substantial and material acts connected with his occupation.

11. In an action on an accident insurance policy, where defendant relied upon the claim that plaintiff's injury was received while engaged in an unlawful act, and the issue was whether the plaintiff had been guilty of an assault upon or fighting with the person by whom he was injured, as either would be a criminal offense, the presumption of innocence was an element for consideration, and the court properly charged that "the law presumes that the plaintiff did not commit an unlawful act."

12. Exceptions to instructions, the subject-matter of which was wholly outside the issues made by the pleadings, will not be considered on review, where the excepting party could not possibly have been harmed by such instructions.

13. A motion to set aside a verdict because excessive is addressed to the sound discretion of the trial court, and is not reviewable unless it is made to appear that the court withheld or abused its discretion.

ACTION OF CONTRACT upon an accident and health insurance policy. Answer, statement of facts upon which defendant claims there was no liability. Trial by jury at the June Term, 1922, Orange county court, *Willcox*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Edward H. Deavitt* for the defendant.

*Hugh W. Hastings* and *Hale K. Darling* for the plaintiff.

TAYLOR, J.  The complaint counts upon an accident and health insurance policy.  The answer is a statement of facts upon which the defendant claimed there was no liability.  Trial was by jury with a verdict and judgment for the plaintiff.  At the close of the evidence the defendant moved for a directed verdict. The questions first argued arise on exceptions saved to the overruling of this motion.

The injury for which the plaintiff is claiming indemnity was a broken collar bone suffered in an encounter with one Trombly. Subject to the "conditions, limitations and provisions" contained in the policy the defendant promised among other things to indemnify the plaintiff against disability from injury or sickness, not exceeding fifty-two weeks duration, resulting wholly from causes originating after certain specified times, at the rate of $20 per week in case of total disability and half that amount in case of partial disability.  Among such conditions and provisions material here are the following:

"A.   To entitle the insured or the beneficiary to indemnity an injury must be independent of all other causes * * * and, except in case of accidental drowning, the result of external, violent and accidental means. * * * Statement of facts in all proofs submitted shall be conclusive upon the claimant."

"F.   Indemnity shall not be payable for injuries, or death resulting therefrom, intentionally inflicted upon himself by the insured; * * * or for voluntary exposure to unnecessary dangers; or for injuries or death received while fighting or wrestling; * * * or while engaged or as a result of having been engaged in any unlawful act."

"G.   The company shall not be liable for both sickness and accident indemnity for the same period of time."

By several grounds of the motion the defendant relies upon these provisions as the basis of a peremptory instruction.  Briefly summarized, those requiring attention are these:

1.   That plaintiff has failed to establish liability on account of any provision of the policy entitling him to indemnity.

2.   That the circumstances of plaintiff's injury relieve the defendant from liability under condition F of the policy, since (a) the injury was received while fighting and wrestling; (b) plaintiff voluntarily exposed himself to unnecessary danger; (c) the injury was "intentionally inflicted" by the plaintiff upon

himself, in that he started the fight by first hitting Trombly; (d) the injury was received while engaged in an unlawful act.

3.  That proofs submitted show that the plaintiff's injuries were the result of acts in violation of condition F of the policy, which concludes a recovery.

Two other grounds are specified but they need not be noticed, as the questions relied upon are not raised in the defendant's answer.

The circumstances attending the injury as disclosed by the evidence viewed in the light most favorable to the plaintiff were as follows: The plaintiff had sold some cows to Trombly taking his note secured by a lien on the cows. Trombly called at the plaintiff's place of business—a livery stable—in relation to this matter. In course of the negotiations Trombly asked the plaintiff to take the cows back, which the latter declined to do, giving as a reason that they were not in condition at that time and there was no sale for them. Both parties became excited and got to "talking fast and calling each other names." Trombly called the plaintiff a vile name, a liar, and a thief, and said if he had got ahead of a d—d Jew he was glad of it. The plaintiff said he would not be insulted in his own barn and ordered Trombly off his premises, threatening if he didn't leave to hit him with a broom with which the plaintiff had been sweeping when Trombly came in. Trombly retorted that there wasn't a Jew big enough to put him out. Thereupon, the plaintiff hit Trombly on the head with the broom. The latter started to leave the barn and the plaintiff returned to his sweeping, whereupon Trombly came back and taking the plaintiff by surprise pulled the broom out of his hands, threw him on the floor, jumped on him, and was holding him down on the floor when a bystander interfered and stopped the encounter. It was later discovered that the plaintiff's collar bone was broken. There was no evidence of what, if any, resistance the plaintiff offered to this attack. It appeared that Trombly, who weighed only about 130 pounds, easily got the better of the plaintiff in such scuffle as was had, and that he was not injured by the blow from the broom.

[1-3] It is important to determine at the outset where the burden of proof rests on the questions presented by the motion. The court ruled subject to exception that the burden was upon the defendant to establish the facts which would bring the case

within one of the conditions relied upon. This is the generally accepted rule. While it is held in some jurisdictions that in an action on an insurance policy the burden is on the plaintiff to prove that his injury was not due to a risk or cause which is specifically excepted in the policy, in most jurisdictions the holdings are to the contrary. 33 C. J. 111; note, 50 L. R. A. (N. S.) 1006; note, Ann. Cas. 1916B, at p. 231; 14 R. C. L. 1437. The generally accepted rule is that the burden of proof in such actions is on the defendant to show by a fair preponderance of the evidence that the injury for which recovery is sought resulted from a cause which, by the terms of the policy, would relieve the insurer from liability. Respecting matters within an exception of the policy, the rule has been applied where the issue was whether the injury resulted from lack of ordinary care or from voluntary exposure to unnecessary danger (*Noyes* v. *Commercial Trav. Acci. Assn.,* 190 Mass. 171, 76 N. E. 665; *Garcelon* v. *Commercial Trav. Acci. Assn.,* 195 Mass. 531, 81 N. E. 201, 10 L. R. A. [N. S.] 961; *National Life Ins. Co.* v. *Fleming,* 127 Md. 179, 96 Atl. 281; *Rowe* v. *United Com. Trav. Assn.,* 186 Iowa, 454, 172 N. W. 454, 4 A. L. R. 1235; *Archibald* v. *United Com. Trav.,* 117 Maine, 418, 104 Atl. 792; *Fidelity & Casualty Co.* v. *Sittig,* 181 Ill. 111, 54 N. E. 903, 48 L. R. A. 359); whether the injury was received while under the influence of intoxicating liquor (*Brotherhood of Painters* v. *Barton,* 46 Ind. App. 160, 92 N. E. 64; *Bowers* v. *Great Eastern Casualty Co.,* 260 Pa. 147, 103 Atl. 536; *Thompson* v. *Bankers' Mut. Cas. Ins. Co.,* 128 Minn. 474, 151 N. W. 180, Ann. Cas. 1916A, 277); whether the injury was intentionally inflicted within an exception of the policy (*Allen* v. *Travelers' Protective Assn.,* 163 Iowa, 217, 143 N. W. 574, 48 L. R. A. [N. S.] 600; note to *Ryan* v. *Continental Casualty Co.,* 48 L. R. A. [N. S.] 529; *Continental Casualty Co.* v. *Cunningham,* 188 Ala. 159, 66 So. 41, L. R. A. 1915A, 538); whether the insured's death resulted from suicide (numerous cases collected in note 50 L. R. A. [N. S.] 1008); whether the injury occurred in consequence of the violation of law (*Brahmsteadt* v. *Mystic Workers,* 152 Wis. 580, 140 N. W. 354; *Sovereign Camp Woodmen* v. *Pritchett,* 203 Ala. 33, 81 So. 823; *Cluff* v. *Mut. Ben. Life Ins. Co.,* 13 Allen [95 Mass.] 308).

The plaintiff in an action on a policy of accident insurance has the burden, of course, of showing that the injury for which

indemnity is sought is within the general terms of the policy. But, where an accident company seeks to avoid liability because of a specific exception to its general liability under the policy and on the ground that the accident and injury were within such exception, the burden of proof rests upon the company to show that the facts bring the case within the exception—in other words, that the injury was caused by· a breach of the condition. It is generally held to be an affirmative defense which the defendant is required to allege and prove. On this principle it was held in *Walcott* v. *Metropolitan Life Ins. Co.,* 64 Vt. 221, 24 Atl. 992, 33 A. S: R. 923, that when a life insurance company seeks to avoid its policy upon the ground that the death of the insured was caused by his own act, the evidence must affirmatively show that fact. The rule is recognized in *Poole* v. *Massachusetts Mut. Acci. Assn.,* 75 Vt. 85, 53 Atl. 331, where the claim was that the insured did not exercise due diligence for his personal safety as required by the policy, and it was held that the defense was not available because not specially pleaded. For additional cases to the same effect, see *Patterson's Admr.* v. *Modern Woodmen,* 89 Vt. 305, 317, 95 Atl. 692. The statute relating to simplified pleading in actions on insurance policies (G. L. 1801) has not changed the substantive rights of the parties, including the burden of proof. *Patterson's Admr.* v. *Modern Woodmen, supra,* at p. 312; *Hersey* v. *Northern Assurance· Co.,* 75 Vt. 441, 56 Atl. 95; *Morrill's Admx.* v. *Catholic Order of Foresters,* 79 Vt. 479, 487, 65 Atl. 526. The defendant recognizes but misapplies the doctrine of these cases.

[4] The burden respecting the matters relied upon as a basis of the motion being upon the defendant, the controlling question is whether on all the evidence there is any room for opposing inferences—whether the evidence supporting the issue raised by the defendant is so conclusive that fair-minded men could not honestly differ as to the conclusion to be drawn therefrom. In the absence of rational doubt, it is the duty of the court to decide the question as one of law and instruct the jury accordingly. *Spaulding* v. *Mutual Life Ins. Co.,* 94 Vt. 42, 55, 109 Atl. 22. A satisfactory test, as pointed out in the case cited, is whether the evidence is of such a conclusive character that the court in the exercise of a sound judicial discretion would, on proper motion, be compelled to set aside a verdict returned in

opposition to it.   We think it cannot be said that the evidence left no room for opposing inferences, and so hold that the motion was properly overruled.   If it were not for the fact that there was evidence tending to show a cessation of hostilities after the plaintiff hit Trombly with the broom we might be forced to a different conclusion.   In one view of· the evidence plaintiff's injury was received while engaged in an unlawful act—while fighting—and was the proximate result of a physical encounter in which he was the aggressor.   In the other view, such force as he used was employed for the lawful purpose of ejecting Trombly from his premises and not for the purpose of provoking unnecessary trouble or by way of punishment for insults received.   It was for the jury to say under proper instruction whether any one of the special defenses was made out.   Those claims aside, it is not open to doubt that the plaintiff's injury was the result of ''external, violent and accidental means'' in contemplation of condition A of the policy; nor is the contrary seriously contended.

[5]   The result is not affected by the provision that statement of facts in all proofs submitted shall be conclusive upon the claimant.   The statements relied upon are found in the following questions and answers:   ''Q. Were you engaged in an altercation with said party?   A. Yes.   Q. If so, what was the cause of the altercation?   A. Over payment of a note owed by Trombly to me.   Q. Had you previous to the pulling of the broom from your hands by the other party made any action which would indicate that it was your intention to hit this party with said broom?   A. I had hit Trombly with the broom previously.   Q. Did you fall without being pushed or hit by the party mentioned, or were you thrown to the floor?   A. Was pushed when said party took broom from me.   Q. Were your injuries entirely the result of your alleged fall?   A. Yes.''   Given the conclusive effect claimed by the defendant, these facts are but a more or less imperfect outline of the plaintiff's evidence at the trial.   The questions were framed by the defendant, and the plaintiff would not, by answering them, be deprived of the right of showing other circumstances attending the transaction.   The facts appearing in the statement would not establish conclusively the defense relied upon.

The jury returned a verdict for the full amount claimed by the plaintiff, $440, representing a total disability for twenty-two weeks at $20 per week.   The defendant moved to set the verdict

aside on five separate grounds, and excepted to the overruling of the motion, As to all save the one claiming that the verdict was excessive, it is enough to say that they raise the same questions as those involved in the motion for a directed verdict.

The defendant saved an exception to all evidence relating to nervous prostration following the injury. The only ground of objection was that as the defendant was not liable for the injury, it would not be liable for sickness claimed to be the result of the injury. As there was evidence tending to establish defendant's liability for the injury, the objection was groundless. It follows that the exception is without merit.

[6] In the course of the charge the jury were told that where the issues in the case involved ''a determination of whether the injury comes within the excepting provisions contained in the policy, such excepting provisions are to be taken strongest against the company,'' to which the defendant excepted. The statement was outside the requirements of a charge to the jury. Such rules are for the guidance of the court in framing its instructions. But it is not made to appear how the defendant was in any way harmed by what was said. Indeed, it was a correct statement of the rule of construction which the court in effect applied in subsequent portions of the charge; and it is not claimed that questions properly for the court were left for the determination of the jury. At most, the statement, though gratuitous, was merely explanatory of the instructions that followed.

[7] The defendant excepted to the failure of the court to charge that the statement of facts in the proofs submitted should be treated as conclusive upon the claimant in accordance with the provision of condition A of the policy. It does not appear that this was the subject-matter of any request to charge. But, disregarding this possible objection, the case did not require such a charge. On the contrary, it would have been error, in the circumstances, if given. As already appears the facts stated by the plaintiff in the proofs submitted were consistent with the evidence at the trial. The only statements relied upon as contradictory evidence are found in the certificates of Dr. Dwinell, the attending physician. The accident occurred on November 13, 1920. In the notification blank which the plaintiff sent to the defendant soon after the accident the physician gave four weeks as the probable duration of disability. In his certificate as

attending physician appended to the plaintiff's "proof of claim," under date of April 29, 1921, are the following question and answer: "Q. Were the injuries, *to your own personal knowledge,* of such a nature and extent as to *continuously and wholly* disable the claimant from attending to *all* of the duties of his occupation, and from *every kind of business, including supervision.* If so, for what length of time? A. Yes, from Nov. 18th until Dec. 15th." The italicised words are made prominent in the printed blank.

[8, 9] The provision of condition "A" respecting the effect to be given the facts stated in the proofs submitted must be given a reasonable construction in view of the purpose for which the contract was made. *Clarke* v. *Travelers' Ins. Co.,* 94 Vt. 383, 388, 111 Atl. 449. While it might well be that conclusive effect against the claimant was intended to be given to his own statement of facts in the proof of claim, it is not reasonable to suppose that it was exacted or agreed that facts stated by others whose co-operation might be required to complete such proof, for which the claimant was in no way responsible, were intended to be made conclusive. Such a construction would put a claimant at the mercy of third parties, who would have it in their power to defeat what might be a just claim. Dr. Dwinell was a witness at the trial. The defendant had the benefit of his statements in connection with his testimony. It was developed, as a careful examination of the question and answer quoted shows, that the statement was confined to the personal knowledge of the witness and related to the disability from the fracture itself and had no reference to the illness following the injury, which was treated by other physicians. The plaintiff claimed that the illness was the result of his injury. The defendant was not entitled to have the jury in effect instructed that the period of total disability ended on December 15. The defendant excepted to the failure of the court "to suggest to the jury" that the acts from which the injury occurred "might constitute wrestling within the prohibition of the policy." A short answer is that on no theory of the evidence could it be said that the encounter between Trombly and the plaintiff was "wrestling" within the meaning of the condition of the policy. The most favorable evidence tended to show that immediately following the blow from the broom Trombly seized the plaintiff and in the

scuffle that followed threw him on the floor. The wrestling referred to is the sport consisting of the contest between two persons who seek to throw each other. See Webster's New Inter. Dict.

[10] An important issue on the question of damages was the extent of the plaintiff's disability—in other words, when the period of total disability due to the injury ended. The court charged that the term "total disability," as used in the policy, did not mean absolute physical inability to transact any kind of business pertaining to plaintiff's occupation, but such disability from performing the substantial and material duties connected with his occupation. The defendant excepted, assigning as its objection to this portion of the charge that it was in conflict with the meaning of total disability contained in condition A of the policy. It is there expressly stipulated: "Total disability means inability to perform any of the duties of any occupation which the insured might be ordinarily capable of performing. Partial disability means inability to perform a majority of the duties of any such occupation." The court evidently had in mind the definition of "total disability" found in *Clarke* v. *Travelers Ins. Co.*, 94 Vt. 383, 389, 111 Atl. 449, 451, where it is said that the term as used in insurance contracts does not mean absolute physical inability to transact any kind of business pertaining to the insured's occupation, but that the insured is totally disabled within the meaning of a policy defining the term as "wholly and continuously disabled and prevented from performing any and every kind of duty pertaining to his occupation," if he is disabled from performing the substantial and material *acts* connected with his occupation. The provision of the policy in suit does not differ essentially from that under review in the Clarke case. The only fault with the charge, if such it is, was the substitution of "duties" for "acts." The mischoice of words was not then noticed and is not now relied upon as a ground for reversal.

[11] The defendant relied upon the claim that plaintiff's injury was received while engaged in an unlawful act, and the issue was submitted to the jury whether the plaintiff committed an assault upon Trombly when he struck the latter with the broom, or merely took that means to enforce his demand that Trombly leave the premises. In this connection the court

charged: "The law presumes that the plaintiff did not commit an unlawful act," etc. The defendant excepted on the ground that such a presumption had no effect in the circumstances of the case. But it is the settled rule in this jurisdiction that one charged with an offense is entitled to the presumption of innocence as evidence in his favor. On the issue raised by the defendant that the plaintiff was guilty of an assault upon or fighting with Trombly, either of which would be a criminal offense, when there was evidence tending to refute the charge it cannot be doubted that the presumption of innocence is an element to be considered. The charge in this respect was without error.

[12]   Other exceptions to the charge are sufficiently disposed of by the discussion of the motion for a directed verdict. The defendant argues exceptions to the statement that "the plaintiff in engaging in sweeping did not make himself a hostler," and the statement in the charge respecting total disability that the fact the plaintiff's business was conducted by his partner during the period of his disability had no bearing on the question of the defendant's liability under the policy. We have no occasion to examine the merits of these exceptions. The subject-matter was wholly outside the issues made by the pleadings. See *Dernier* v. *Rutland Ry. Light & Pr. Co.*, 94 Vt. 187, 110 Atl. 4. Unlike the case cited, the defendant could not possibly have been harmed by the portions of the charge excepted to. The occasion for adverting to these matters does not appear, but it may have been and probably was due to claims advanced by the defendant in argument.

[13]   It remains to consider the exception to the overruling of defendant's motion to set the verdict aside on the ground that it was excessive in amount. Viewed strictly, the motion was addressed to the sound discretion of the court, and is not reviewable unless it is made to appear that the court withheld or abused its discretion. *Lincoln* v. *Central Vt. Ry. Co.*, 82 Vt. 187, 198, 72 Atl. 821, 137 A. S. R. 998; *Raymond* v. *Sheldon's Estate*, 92 Vt. 396, 400, 104 Atl. 106. The defendant now insists, in effect, that as to the damages recovered the verdict was wholly unsupported by the evidence. If we treat the motion as properly raising this question, the exception should be overruled. There was evidence tending to show that plaintiff's subsequent illness was due to the injury, and that during such illness, covering the

period for which recovery was had, his disability was total within the meaning of the policy.

*Judgment affirmed.*