# GEORGE W. McGAFFEY

v.

# JOHN W. MATHIE.

FEBRUARY TERM, 1896.

*Application of payments.   Conclusiveness of finding.*

1.  The defendant held three promissory notes signed by the plaintiff, and the plaintiff made the defendant a payment to apply on all of said notes.   *Held*, that it should be applied equally on each of the notes.

2.  The finding of the trial court is conclusive, if the evidence tends to support it.

3.  When the testimony of a party is contradictory it is for the trier to determine what is to be believed.

4.  The defendant held three notes of the plaintiff, one for one hundred and two for one hundred and fifty dollars each, and the plaintiff made the defendant a payment of one hundred dollars.   The defendant testified that this sum was to be indorsed on the three notes and that the plaintiff directed its application on the three notes.   *Held*, that this evidence supported a finding that the payment was to apply on all the notes.

General assumpsit.   Pleas, the general issue, payment and set-off.   Trial by court at the February term, 1896, Orleans county, THOMPSON, J., presiding.   Upon the facts found judgment was rendered for the defendant.   The plaintiff excepts.

*F. W. Baldwin* for the plaintiff.

The payment of one hundred dollars could not be split up, but must be applied entire upon some one note. *Ayer* v. *Hawkins*, 19 Vt. 26; *Wheeler* v. *House*, 27 Vt. 737; *Patterson* v. *Hull*, 9 Cow. 747; *Beck* v. *Harris*, 31 Mo. 180.

*W. W. Miles* for the defendant.

TAFT, J.  The court found that the plaintiff on May 3, 1886, gave the defendant three notes for four hundred dollars, for money loaned, and that the same have never been paid, except the sum of one hundred dollars, paid by the plaintiff on May 3, 1890, to apply on all of said notes, and that the defendant received that sum as a payment on said notes.  If the payment was made on that date, to apply on all the notes, a recovery of the amount due thereon is not barred by the statute of limitations.  The only exception before us is the one taken "on the ground that there was no evidence tending to support such finding," i. e., the finding that the payment of the one hundred dollars was made to apply on all the notes.  The plaintiff insists that it should be applied upon one, and not upon all of the three notes.  The court found the fact that the payment was made "to apply on all of said notes."  Whether the evidence tended to support the finding, is the precise question before us.  The defendant testified that the money was paid to be indorsed "on the three notes I held against him," the plaintiff, and that the plaintiff directed its application "on the three notes."  This testimony tended to support the finding that the payment was made to apply on all of said notes.  If some of the defendant's testimony might bear a different construction, it was for the court to say what part of the testimony should be credited and what facts should be found from it, and its finding is conclusive.  The fact that the payment was made upon all the notes renders inapplicable the cases cited by the plaintiff's counsel of *Ayer* v. *Hawkins*, 19 Vt. 26, and *Wheeler* v. *House*, 27 Vt. 735, for in each of

those cases the debtor gave no direction as to the application of the payment and the court held that in the absence of such directions a sum paid by the debtor could not be split and applied upon several distinct notes in part payment of each.

*Judgment affirmed.*