## H. H. FRANKLIN MANUFACTURING COMPANY *vs.* LAMSON AND GOODNOW MANUFACTURING COMPANY.

Franklin.    September 19, 1905. — October 19, 1905.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Sale*, Warranty. *Contract*, Construction. *Damages*, Recoupment. *Evidence*, Burden of proof. *Words*, "Finish sound."

An express warranty, that certain hollow metallic cylinders called shells, sold to a manufacturer of bicycle pedals as a covering for the shafts of such pedals, shall "finish sound," properly can be found by a judge, sitting without a jury, to mean that the shells when finished shall be free from cracks and air holes both obvious and hidden, and there is no implied warranty that the shells shall be suitable for the use intended, this being a subject on which the buyer in such a case knows much more than the seller.

In an action for the price of certain goods manufactured to order, if the defendant's answer contains a declaration in recoupment, in support of which the defendant

relies on an express warranty by the plaintiff against certain defects, the burden is on the defendant to show that the failure of the goods to serve the purpose for which they were intended was attributable to the defects against which there was a warranty.

CONTRACT for the price of certain castings called shells, intended as a covering for the shafts of bicycle pedals manufactured and sold by the defendant. Writ dated April 20, 1898.

The defendant's answer in addition to a general denial contained a declaration in recoupment, alleging a breach of warranty.

In the Superior Court the case was tried before *Lawton,* J., without a jury. He found for the plaintiff in the sum of $945.07, with interest from March 31, 1898, to the date of the finding. The defendant alleged exceptions, raising the questions stated by the court.

*F. L. Greene,* for the defendant.

*D. Malone,* for the plaintiff.

HAMMOND, J. This is an action to recover the price of certain hollow metallic cylinders called shells, sold by the plaintiff to the defendant. The answer sets up among other things that the shells were not such as were called for by the contract, and seeks also to recoup in damages. The case is before us upon exceptions taken at the trial before a judge sitting without a jury.

At the trial the judge found as follows: "I find no sale by sample. I find from the order and acceptance an express warranty that the shells should 'finish sound.' Without ruling on the question whether this express warranty excludes any implied warranty as to quality and fitness, I rule that no such implied warranty arises from the circumstances and relations of the parties, and I find no other warranty than as above stated. I rule that the phrase 'finish sound' means that the shells shall, when finished (nickel plated and polished), be sound, that is, free from cracks and air holes, both obvious and hidden. The defects complained of by the defendant are the just mentioned cracks and air holes, both obvious and hidden, variation in size of threads, variation in thickness of barrel, in threads that stripped in using, and great variation in toughness and sustaining and resisting power of the shells by reason of the existence of some

of these things and by reason of difference in the alloy. Complaints of some or all of these defects were made continually so long as the shells continued to be sent ; and of those sold by the defendant many were returned to it by its customers as broken or useless. What proportion were broken or rendered useless or were defective on account of the defects warranted against and how many by the defects not warranted against I am, on the evidence, unable to find. I am not satisfied but that substantially the whole trouble was caused by the inherent unfitness of the metal itself. I find no variation in the alloy but that which was authorized or assented to by the defendant. The obvious cracks and air holes could have been detected readily by inspection. Many of the shells known by the defendant to be defective were nevertheless used by the defendant. Hidden cracks and air holes could have been detected, but the test necessary to detect would have added materially to their expense. I am not satisfied, however, that such hidden defects existed to any material extent or that they were to a material extent the cause of the breakages. I find that the shells whose price is sued for were accepted by the defendant."

We are of opinion that the judge has ruled rightly as to the meaning of the phrase contained in the contract " Castings are to finish sound," and that under the facts disclosed that is the only express warranty, and that there was no implied warranty arising from the relations and circumstances of the parties that the shells should be suitable for the use intended. Of that the defendant knew much more than the plaintiff would have known, and there is nothing to show that it relied upon the plaintiff in this matter.

The defendant accepted the goods. The findings of the judge as to the cause of the troubles experienced by the defendant in using the shells dispose of the question of recoupment. Upon this question the burden was on the defendant, and it failed to show that those troubles were attributable to the defects against which there was a warranty.

*Exceptions overruled.*