OLIFF F. HARRISON'S ADMR. *v.* NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY.

May Term, 1907.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed May 11, 1907.

*Insurance—Assignment of Life Policy—Validity—Evidence—*
*Impeachment by Insured's Administrator for Illegality—*
*Burden of Proof.*

Where a plaintiff, in establishing his case, is not required to disclose
an illegal contract to which he is a party, and which his adversary
subsequently produces and relies upon in defence, he may, in
rebuttal, impeach the transaction for such illegality.

The duty of going forward with argument or evidence may shift fre-
quently from one party to the other in the course of a trial; but
the burden of proving an issue constantly rests upon the party
who substantially asserts the affirmative thereof.

In an action on a life insurance policy by the administrator of the in-
sured, where the defence was an assignment of the policy by the
insured to a certain woman, the plaintiff may impeach the assign-
ment by evidence that its consideration was the agreement of the
assignee to continue illicit relations with the insured.

ASSUMPSIT on a policy of life insurance.   Plea, the general
issue with notice.   Trial by jury at the March Term, 1906, Rut-
land County, *Miles,* J., presiding.   Verdict and judgment for
the plaintiff.   The defendant excepted.   This case has been once
before in the Supreme Court, see 78 Vt. 473.

*Lawrence & Lawrence* for the defendant.

Plaintiff could not impeach the assignment for illegality.
The law will not afford relief to either party *in pari causa tur-*
*pitudinis.   Monatt* v. *Parker,* 30 La. Ann. 585; *Platt* v. *Elias,*
186 N. Y. 79.

A completed voluntary gift, such as this assignment, cannot be impeached by the donor, nor his legal representatives, on account of an immoral or illegal consideration. Wald's Pollock on Contracts, 3rd Ed. 413; *Hill* v. *Freeman,* 73 Ala. 200; *Antoine* v. *Smith,* 40 La. Ann. 460; *White* v. *Hunter,* 23 N. H. 128; *Gisaf* v. *Neval,* 81 Pa. 354; *Bivins* v. *Jarnigan,* 59 Tenn. 282; *Fletcher* v. *Warren,* 70 Gratt. 1.

*Butler & Moloney* and *F. S. Platt* for the plaintiff.

Defendant, in relying upon the assignment of the policy. has no greater rights than the assignee. *In re Lemerise & Co.,* 73 Vt. 305; *Mound* v. *Barker,* 71 Vt. 254; *Ellis* v. *Watkins,* 73 Vt. 371; *Pierce* v. *Kibbee,* 51 Vt. 562.

ROWELL, C. J. This case has been here before. 78 Vt. 473. It is assumpsit on a policy of insurance issued by the defendant on the life of the intestate, payable to his executors, administrators, or assigns.

The defendant pleaded the general issue, and gave notice therewith according to the statute that it would rely in defence upon an assignment in writing of the policy by the intestate to one Mary Agnes Gleason for a valuable consideration.

The defendant does not question its liability on the policy, but defends for its own protection, as the suit is not brought at the request nor for the benefit of the assignee, but against her will and interest, and for the benefit of the assignor's estate.

The assignment is not under seal, but purports to be "for a valuable consideration," the receipt of which the assignor thereby acknowledges. The defendant introduced the assignment in defence, and rested without offering any evidence of its consideration other than what the assignment itself affords.

The plaintiff, claiming that the assignment was void because of the turpitude of its consideration, offered to show in rebuttal that for some time prior to the taking out of the policy, and for a long time thereafter, and to within a year or six months of the death of the intestate, who was all that time a married man, illicit relations existed between him and the assignee, and that during all that time she was his mistress, and that the assignment to her was made in consideration of her promise and agree-

ment to continue that relation.   The defendant objected that the plaintiff could not impeach the assignment by thus debasing the character of the intestate; but the objection was overruled, and the testimony admitted, and the only question made is, whether that was error.   We think it was not, for the plaintiff could make out his case, and did make it out, without relying upon or even disclosing the assignment, and therefore he could impeach it by showing the turpitude of its consideration.   *Monahan v. Monahan,* 77 Vt. 133, 59 Atl. 169.

But the defendant says that the plaintiff had to rely upon and prove the turpitude of the consideration in order to defeat the assignment, as it contains evidence on its face of a valuable consideration, and therefore made a primary case for the defendant, which cast the burden of proof upon the plaintiff, and so his case, as a whole, does not come within the rule stated.   But it is a mistake to suppose that the burden of proof was thus cast upon the plaintiff, for he was under no duty to prove anything on this issue.   His sole function was to repel and defeat the defendant's attempt to validate the assignment, which it.had set up as a defence, and the burden of establishing which rested upon it throughout, and the question was to be determined upon the whole evidence, and if the plaintiff succeeded in making the scales hang in equal poise only, it was enough for him, for it would defeat the defendant.

In *Stevenson v. Gunning's Est.,* 64 Vt. 601, 25 Atl. 697, it was held that though the plaintiff made out a *prima facie* case by the introduction of a promissory note, signed and delivered by the intestate, and purporting to have been given for value received, yet, although the defendant introduced evidence tending to show want of consideration, the burden was still upon the plaintiff to establish consideration, having weighed in his favor the *prima facie* import of consideration furnished by the note. In *Central Bridge Corporation v. Butler,* 2 Gray 130, the averment that the plaintiff was bound to maintain was, that the defendant was liable to pay tolls.   In answer to this, the defendant averred no new fact, such as payment, accord and satisfaction, or release, but introduced evidence to show only no liability.   It was held that he did not thereby assume the burden of proof, which still rested upon the plaintiff.   So in *Phipps v. Mahon,* 141 Mass. 471, it is held that making a *prima facie* case did not change the burden of proof; that that still rested upon

the plaintiff, though the defendant gave evidence to rebut the plaintiff's proposition as deduced from his evidence.  *Hingeston* v. *Kelley,* 18 L. J., N. S., Ex. 360, is precisely to the same effect.

There is much confusion and uncertainty in the cases about the burden of proof.  But Prof. Thayer treats the matter clearly, and accurately, we think, when he says that it is always the *actor* and never the true *reus* or defendant who has to bring his proof to the required height, for, strictly speaking, it is only the *actor* that has the duty of proving at all; that whoever has that duty, does not make out a *prima facie* case till he comes up to the requirement as regards quantity of evidence or force of conviction that applies to his contention, and that he has not, of course, accomplished his task at the end of the debate unless he has held his case good and at the legal height against all counter proof; that this duty, in the nature of things, cannot shift, but is always the duty of one party and never of the other.  But as the *actor,* if he would win, must begin by making out a case, and must end by keeping it good, so the *reus,* if he would not lose, must bestir himself when his adversary has once made out his case, and must repel it, and then the *actor* may again move and restore his case, and so on; that this shifting of the duty of going forward with argument or evidence may go on during the trial; but that the thing that shifts and changes is not the peculiar duty of each party, for that remains peculiar, but the common and interchangeable duty of going forward with argument or evidence whenever your case requires it.  Prelim. Treat. Ev. 369.

*Judgment affirmed.*