EMMA RAYMOND *v.* CAROLINE E. SHELDON'S EST.

May Term, 1918.

Present: WATSON, C. J., HASELTON, POWERS, TAYLOR, and MILES, JJ.

Opinion filed June 21, 1918.

*Implied Contract—Services Rendered—Question for the Jury— Evidence—Motion for Verdict—Appeal from Commissioners—Estate of Deceased Person—Witness—Error—Finding of Trial Court—Unanswered Question—Discretion of Trial Court.*

An implied contract to pay for services rendered must contain all the elements of an express contract and differs from the latter only in its proof, each depending upon questions of fact.

In an action to recover upon an implied contract to pay for services, if there is any substantial evidence fairly and reasonably tending to establish such contract, the question is for the jury.

In reviewing the denial of defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable for plaintiff.

Where, in an appeal from commissioners on the estate of a deceased person, plaintiff's evidence tended to show that she performed valuable services for the deceased, at the latter's request, the question whether there was an implied promise on the part of the deceased to pay plaintiff what her services were reasonably worth, was for the jury.

In an appeal from commissioners upon the estate of a deceased person, wherein plaintiff sought to recover upon an implied contract by deceased to pay for her services, where a witness called by plaintiff testified without objection that she had seen plaintiff go to the home of deceased, it was not error to allow the witness to say how frequently she had seen this occurrence.

In such case, it was not error to allow the same witness, after testifying
   without objection that she had seen articles which the deceased.told
   her had been purchased for deceased by plaintiff, to say what those
   articles were.

In such case, it was not error to allow a witness to testify as to the
   nature of purchases made by plaintiff, delivered either to plaintiff
   or deceased and charged to and paid for by deceased, and the fre-
   quency with which plaintiff came to the store.

The finding of the trial court that a witness is qualified to testify as to
   a fair and reasonable price for services of a certain nature is not
   revisable, there being some evidence of qualification.

An exception to an unanswered question is not available.

A motion to set aside a verdict as being excessive is addressed to the
   sound discretion of the trial court, and is not reviewable unless it
   appears that the court refused or failed to exercise its discretion
   or abused it.

ACTION OF CONTRACT. Plea, the general issue. Trial by
jury at the September. Term, 1917, Rutland County, *Wilson,* J.,
presiding. Verdict and judgment for the plaintiff. The de-
fendant excepted. The opinion states the case.

*Marvelle C. Webber* for the defendant.

*Lawrence, Lawrence & Stafford* and *Edwin C. Lockwood*
for the plaintiff.

MILES, J. This case came to the county court on an appeal
by the plaintiff from the disallowance of her claim against the
estate of Caroline E. Sheldon, and it comes here upon the de-
fendant's exception to the refusal of the trial court to direct a
verdict in its favor, to the reception of certain evidence, and to
certain portions of the court's charge.

The ground of the exception to the court's refusal to direct
a verdict in the defendant's favor is that there was no evidence
in the case tending to prove a promise implied in fact on the
part of Mrs. Sheldon. It is true as argued by the defendant,
that the implied contract, such as here under consideration, must
contain all the elements of an express contract, and that it only
differs from an express contract in its proof. 6 R. C. L. 587, par.
6. Each depends upon questions of fact, and if there is any

substantial evidence fairly and reasonably tending to establish such contract, that question must be submitted to the jury. *Fitzsimons* v. *Richardson*, 86 Vt. 229, 84 Atl. 811; *McGaffey* v. *Mathie*, 68 Vt. 403, 35 Atl. 334; *Kelton* v. *Leonard*, 54 Vt. 230.

In reviewing the denial of defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable to the plaintiff. *Hazen* v. *Rutland R. R.*, 89 Vt. 94, 94 Atl. 296. Applying these well-established rules to what appears in this case, we examine the evidence to see if it reasonably and fairly tends to show an implied promise on the part of Mrs. Sheldon to pay the plaintiff what her services were reasonably worth, and from that examination we think it does so show.

The evidence of one witness was to the effect that during the time covered by the plaintiff's bill against Mrs. Sheldon's estate, the witness had on frequent occasions received requests over the telephone from the Sheldon house, to ask the plaintiff to call there; that when the witness was at work for Mrs. Sheldon, the plaintiff would call there and Mrs. Sheldon would ask her on those occasions, why she, the plaintiff, had not called, stating to the plaintiff that she wanted her to do something for her; that she knew of the plaintiff's bringing to Mrs. Sheldon articles purchased at the store for her; that at one time Mrs. Sheldon said to the witness that she could not pay the plaintiff for what she had done for her. There was other similar evidence in the case which had a tendency to prove that the plaintiff's services were performed at the request of Mrs. Sheldon. This was enough to entitle the plaintiff to go to the jury if the services were valuable. It is said in 40 Cyc. 2810: "Where valuable services are rendered, or material furnished, by one person for another at the latter's request, in the absence of circumstances showing that the services or material were intended to be rendered or furnished gratuitously, the former is entitled to recover for such services or material, although there was no express contract for remuneration."

To the same effect is 6 R. C. L. 587, par. 6. Indeed such contracts are of daily occurrence, and no question is made as to their legal and binding force.

An examination of the transcript discloses that the evidence tended to show that the services were valuable; that the plaintiff did washings weekly and special washings twice a year for Mrs. Sheldon; that the washings were not the general washings, but

the washings of such things as Mrs. Sheldon's wearing apparel, her bureau covers, towels, napkins and blankets. There was no error in overruling the motion for a directed verdict.

The exception to the charge raises the same question that is raised by the motion for a verdict, and the disposition of that question makes it unnecessary to consider the exception to the charge.

The defendant excepts to a question asked Georgia Davis, which was received subject to the objection that it had no tendency to prove either a contract or service, and an exception was noted for the defendant. The witness had testified without objection that she had seen the plaintiff go into Mrs. Sheldon's house, and to the question, "How frequently" answered, "Very frequently, perhaps every day with the exception of Sunday." This evidence was material to show that the plaintiff went to Mrs. Sheldon's house where it was claimed that much of the services of the plaintiff were performed, and where the plaintiff claimed she went for direction in regard to the errands. The evidence was properly received.

The defendant objected to another question asked this witness upon the same grounds as those stated to the other question. The witness had testified without objection that she had seen a number of things which Mrs. Sheldon told her the plaintiff had purchased for her, and the question objected to was as follows: "What were those articles, do you recall?" The answer was : "I remember postal cards, and the gifts she gave the children, and some little lace and ribbons; that is all I can recall now." The evidence had a bearing upon the extent of the services performed in the matter of doing errands for Mrs. Sheldon, and while the evidence was not very weighty, it had a tendency to prove that the plaintiff did more errands for Mrs. Sheldon than getting the Christmas presents, concerning which the witness had already testified that Mrs. Sheldon had told her that the plaintiff had purchased for her. There was no error in receiving this testimony.

The witness, Cecile Branchaud, was asked, "Won't you tell how frequently she called, and what the nature of the purchases were?" referring by the word "she" in the question, to the plaintiff. The question was objected to on the same ground as that urged in the objection to the questions asked Mrs. Davis. The witness answered, "Some weeks she came every day and

some weeks twice a day; the nature of the purchases would be in the line of dry goods, buttons, laces, ribbons, anything in the nature of household goods, underwear." The witness testified without objection that the purchases made by the plaintiff would not be completed on the first trip of the plaintiff; that on the first trip samples were sent out for approval, and that when the purchase was finally made the goods were sometimes delivered to the plaintiff and sometimes delivered to Mrs. Sheldon by their delivery team, and that the goods so delivered were charged to and paid by Mrs. Sheldon. This evidence was material as tending to show the extent of services in the line of errands performed for Mrs. Sheldon by the plaintiff. This exception was not well taken.

This witness being recalled later in the trial was asked, "What do you say is a fair and reasonable price for work that I have suggested?" The work suggested was that of buying dress goods and shopping in the city of Rutland where Mrs. Sheldon lived when the alleged services were performed. The witness answered, "Twenty cents an hour." The ground of the objection to this question was that the witness was not qualified to express an opinion. The witness testified that she was acquainted or familiar with the price that was paid for work of buying dress goods and shopping, etc., in the city of Rutland. The testimony of the witness tended to show that she had means of knowing and did know what the price was for such services. There being some evidence of qualification, the finding of the trial court is not revisable. *Griffin* v. *The B. & M. Railroad,* 87 Vt. 278, 89 Atl. 220.

Octave George Chamberland was asked, "From that time on how frequently did you see Mrs. Raymond in your store trading there?" The question was not answered and the exception, therefore, is not available to the defendant. *Fraser* v. *Blanchard et al.,* 83 Vt. 136, 73 Atl. 995, 75 Atl. 797.

The next and last exception briefed is that the verdict was excessive, and should have been set aside on the defendant's motion. Such a motion is addressed to the sound discretion of the trial court, and is not reviewable, unless it appears that the court refused or failed to exercise its discretion or abused it. *Lincoln* v. *C. V. Railway Co.,* 82 Vt. 187, 72 Atl. 821, 137 Am. St. Rep. 998. It does not appear that the trial court did refuse

or failed to exercise its discretion or that it abused it. There was no error in overruling the motion.

*Judgment affirmed, and cause ordered certified to the probate court.*