DUKE BUNNELL *v.* PAUL U. McGREGOR.

October Term, 1928.

Present: POWERS, SLACK, MOULTON, and CHASE, JJ., and WILLCOX, Supr. J.

Opinion filed November 15, 1928.

*Raymond Trainor* and *Paul Gilioli* for the plaintiff.

*Fred Bicknell* for the defendant.

CHASE, J. This suit is based on the alleged negligence of the defendant in the operation of an automobile. On January

4, 1927, a car driven by him on the highway between Windsor and Ascutneyville struck and damaged the rear left side of an automobile driven by the plaintiff. The road was covered with snow and rutted. It was then, and for some time had been, snowing. Previous to the accident, the cars were going toward each other in the same ruts. The plaintiff saw the defendant's car when it was about 400 feet from him and then tried to get out of the ruts. The defendant noticed the plaintiff when they were about 300 feet apart, and, when he was from 75 to 100 feet distant, saw what the plaintiff was trying to do. When the plaintiff thought he had his car out of the ruts and out of danger, he stopped. Just at that instant the collision took place. The plaintiff's evidence tended to show that there was but one set of ruts, while that of the defendant would seem to show that there were two sets and that the plaintiff was driving in what would be to him the left-hand ruts. The evidence was also conflicting as to speed and somewhat as to conditions generally.

The plaintiff moved for a directed verdict at the close of the evidence, and excepted when his motion was overruled. The case was then submitted to the jury under a charge to which he took no exception. A verdict for the defendant was returned. Thereupon, the plaintiff moved to set it aside on ten grounds which may be fairly condensed into the claims that the verdict was against the evidence and was rendered in disregard of the instructions of the court with especial reference to the doctrine of the last clear chance. This motion was overruled. The exception then taken and the exception to the denial of his motion for a directed verdict are the only ones the plaintiff has briefed.

■■ Both parties have devoted much of their briefs to a recital of the evidence. These extracts, as well as the transcript which was referred to and made controlling, show that reasonable men might well differ as to some of the material facts in the case. No more was needed to take it to the jury. *Picknell* v. *Bean*, 99 Vt. 39, 130 Atl. 578; *Anderson* v. *Dutton*, 100 Vt. 464, 139 Atl. 210.

■■ Granting, as the plaintiff claims, that the last clear chance rule applies, we can only say that the trial court applied it to the plaintiff's then satisfaction, and there is nothing to show that the jury didn't apply it also. At any rate, the burden rested upon the plaintiff to prove his case whether he

came within the last clear chance doctrine or not. With the evidence as conflicting as the record here shows it to have been, the trial court was right in submitting the case to the jury and in refusing to disturb the verdict rendered.

*Judgment affirmed.*