WILFRED GENTES, b. n. f. *v.* CLARENCE ST. PETER.

October Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 4, 1933.

*M. G. Leary* and *K. Paul Fennell* for the defendant.

*Martin S. Vilas, Guy M. Page,* and *Mary C. Alafat* for the plaintiff.

MOULTON, J.   The plaintiff and the defendant, both of whom were minors, went hunting together on Sunday, in the woods bordering on Lake Champlain.   While proceeding down a declivity in single file, the plaintiff ahead of the defendant, the latter's gun was accidentally discharged and the plaintiff was shot in the leg.   This action is in tort for the recovery of damages for the injuries thus sustained.   The plea is the general issue.   The verdict was for the plaintiff, and the defendant has excepted.

The case was tried upon the theory, acquiesced in by both parties and by the court, that since the act of hunting on Sunday was unlawful under G. L. 7099, the defendant would be liable if the injuries were sustained during the continuance of his illegal act, and if no other intervening independent cause were found to exist.   The presiding judge instructed the jury, without exception, as follows:   ''Now, if you find that the defendant was hunting at the time of the accident, and that there was no other intervening, independent cause of the accident, then, as we construe the law, you must also find that the injury was caused by this hunting by the defendant on Sunday which was a violation of the law, and to be determined by you in the manner which I will indicate presently.   Your first inquiry will be whether at the time the accident actually happened the defendant was engaged in illegal hunting.   If he was, and you find no intervening, independent cause for the injury, except that illegal hunting, your verdict will be for the plaintiff.''   Since the record shows that the trial proceeded upon this theory of the law and was so submitted to the jury without exception being taken, the rule thus adopted, whether right or wrong, became the law of the case.   *Sharby* v. *Town of Fletcher,* 98 Vt. 273, 278, 127 Atl. 300; *Saliba* v. *N. Y. C. R. R. Co.,* 101 Vt. 427, 440, 144 Atl. 194; *Shields* v. *Vermont Mutual Fire Insurance Co.,* 102 Vt. 224, 255, 147 Atl. 352.   We treat it as such for the purposes of this opinion.

The defendant claimed, and his evidence tended to show, that shortly before the accident, the parties had abandoned their

pursuit of game, and, at the time, they were not engaged in hunting but were strolling through the woods without venatic purpose or intent. In submitting this issue to the jury, the presiding judge said that ''the defendant, inasmuch as he asserts an affirmative defense, has the burden of proving by a preponderance of evidence that he had stopped hunting.'' To this instruction the defendant excepted, thus raising the only question briefed by him.

As we have seen, the matter stood upon the general issue. This was not an affirmative defense, but a denial of the material allegations of the complaint. The defendant had attempted to show that, at the time, the illegal act was not in progress, and his evidence had simply been in rebuttal of that of the plaintiff. *Central Bridge Corporation* v. *Butler*, 2 Gray (Mass.) 130, 132. The burden was on the plaintiff to prove the truth of the claim affirmed by a preponderance of the evidence, and this burden remained on him throughout the trial, although when he had closed his case, the burden of proof, in the sense of the duty of going forward with the evidence, passed to the defendant. *Rutland Ry., L. & P. Co.* v. *Williams*, 90 Vt. 276, 279-282, 98 Atl. 85; *Colston* v. *Bean*, 78 Vt. 283, 285, 62 Atl. 1015. But the latter was obliged to do no more than meet the plaintiff's case with evidence of equal weight, and it was not necessary that his proof should preponderate over that of his opponent. It was enough if he could prevent the plaintiff's evidence from preponderating over his own. *Harrison's Admr.* v. *Northwestern, etc., Ins. Co.*, 80 Vt. 148, 150, 151, 66 Atl. 787. The charge misstated the rule of law applicable to the issue, and was error. The court, it is true, had previously charged that as a general proposition the burden of proof throughout the case was upon the plaintiff, but this general instruction was not sufficient to set the matter right. *State* v. *Montifiore*, 95 Vt. 508, 514, 116 Atl. 77.

The plaintiff argues that the evidence was so overwhelmingly in his favor that the only real issue was one of damages, and so the defendant could not have been harmed by the charge even if erroneous. But we do not agree with this contention. To say nothing more, there was a conflict of testimony, and the weight of it was for the jury to decide. The charge placed upon the defendant a burden which the law does not require him to

sustain. The error was prejudicial, and the entry must be, *Judgment reversed, and cause remanded.*