MAX MERRILL MILLER *v*. HENRY ROSSIER ET AL., TRUSTEE.

May Term, 1935.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ.

Opinion filed October 1, 1935.

*Lee E. Emerson* for the defendant.

*Frank C. Williams* for the plaintiff.

SHERBURNE, J. This is an action for the recovery of the purchase price of a corn cutter and blower sold to the defendant by the plaintiff. The defense relied upon is that the defendant seasonably rescinded the sale because of a breach of warranty. Trial was by court and judgment was for the plaintiff. The defendant excepted to the judgment upon the ground that it was not supported by the findings of fact.

Assuming, but not deciding, that the findings show that the plaintiff warranted that the cutter and blower were in good condition and perfect running order, the only question necessary to determine is whether the findings show that there was a breach of such warranty.

The terms of sale were cash and delivery at plaintiff's farm in about a week. At the time of the trade defendant saw the machine but made no extensive examination of it. When he came to take possession the machine was cutting corn and was working perfectly and to his satisfaction. It was then being driven by a 10-20 International tractor using an eight-inch belt. At this time one Howard Pudvah made a trade with defendant to the effect that if he would allow Pudvah to use the cutter to finish cutting his corn, he, Pudvah, would deliver the cutter to defendant's farm. The findings state that the defendant took possession of the machine at plaintiff's farm and loaned it to Pudvah agreeably to this trade. When plaintiff learned of this

trade he told Pudvah not to unload the machine at defendant's farm unless he received the purchase price. Pudvah finished cutting his corn, using plaintiff's tractor for power, and the cutter worked perfectly. Two days later Pudvah sent the machine to defendant's farm and defendant gave a check for the purchase price, and this check was delivered to the plaintiff. As soon as he received the machine at his farm, defendant set it up and used a No. 10-20 tractor like plaintiff's and a six-inch belt instead of an eight-inch belt like the one used by plaintiff. Defendant could not make the machine work properly. It would plug up and throw the belt and he was unable to cut his corn. He notified plaintiff of this, but plaintiff paid no attention. After having some mechanics look over the tractor and cutter the defendant stopped payment of his check, and after the plaintiff had brought this suit, took the machine back to plaintiff's farm during plaintiff's absence.

We quote the rest of the findings in the words of the court: "There was no evidence from which I am able to find that anything happened to the cutter and blower after defendant loaned it to Pudvah and Pudvah returned it to defendant. I am unable to find that the tractor of defendant transmitted the same amount of power as the tractor of plaintiff. I am unable to find that there was anything the matter with the cutter and blower at defendant's farm. I find that the cutter and blower did not work properly at defendant's farm, but I am unable to find why it did not."

The burden of proving a breach of the warranty was upon the defendant. *Franklin Mfg. Co.* v. *Lamson & Goodnow Mfg. Co.*, 189 Mass. 344, 75 N. E. 624; *Waterman-Waterbury Co.* v. *School District No. 2*, 182 Mich. 498, 148 N. W. 673, L. R. A. 1915B 626; 24 R. C. L. 162; 55 C. J. 837. But the defendant assumes, because the machine would plug up and throw the belt when operated by him, that this was a breach of the warranty, and, mistaking the distinction between the "burden of evidence" and the "burden of proof," says that the burden was on the plaintiff to show some shortage of duty or ability on defendant's part to set the machine up and make it work properly. The plaintiff was not obliged to do more than meet the defendant's case with evidence of equal weight, and it was not necessary that his proof should preponderate. It was enough if he could prevent the defendant's evidence

on the issue of breach of warranty from preponderating over his own. *Gentes* v. *St. Peter*, 105 Vt. 103, 105, 163 Atl. 569; *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 39, 40, 162 Atl. 859; *Harrison's Admr.* v. *Northwestern, etc., Ins. Co.*, 80 Vt. 148, 150, 66 Atl. 787.

The statement "unable to find" in the findings does not necessarily mean that there was no evidence tending so to show, but it does mean that such evidence, in the trier's judgment, does not preponderate, and so in a legal sense he was unable to make such a finding. *White River Chair Co.* v. *Conn. River Power Co.*, 105 Vt. 24, 38, 39, 162 Atl. 859; *McClary* v. *Hubbard*, 97 Vt. 222, 238, 122 Atl. 469.

This Court will presume in favor of the judgment that the court below inferred such facts from those certified up as it ought to have inferred, or it fairly might have inferred. *University of Vermont* v. *Wilbur's Estate*, 105 Vt. 147, 174, 163 Atl. 572; *Labor* ·v. *Carpenter*, 102 Vt. 418, 422, 148 Atl. 867.

Whatever the reason for the trouble, the reasonable inference is that it was not inherent in the machine. No breach of warranty is shown. Defendant's exception is not sustained.

*Judgment affirmed.*