CHARLES E. COTE *v.* HARRY S. BOISE, JR.

October Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 6, 1940.

*John H. Webster* for the plaintiff.

*P. C. Warner* for the defendant.

STURTEVANT, J. In this action the plaintiff, Charles Cote, seeks to recover for damages to his automobile as the result of an accident alleged to have been caused by the defendant's negligence. Trial was by jury in the Franklin Municipal Court and a verdict in the sum of $200 was returned for the plaintiff. He moved for judgment on the verdict and for a certified execution and he also moved to amend his declaration so as to allege that at the time of the accident, and with his knowledge and consent, his car was being operated by his son Paul Cote. This was to replace the original allegation that the plaintiff was himself driving his car at the time and place in question.

The first two of these motions were denied and the plaintiff allowed exceptions. His motion to amend his declaration was granted. The defendant moved to set the verdict aside which motion was granted and the case is here upon the plaintiff's exceptions.

The first question briefed deals with the action of the court in granting the defendant's motion to set the verdict aside. The grounds of this motion were as follows:

"FIRST: That there was a variance between the facts established by the evidence and the facts established by the Plaintiff's Declaration, in that, to wit, the Plaintiff's Declaration was to the effect that the Plaintiff was operating a motor vehicle upon the public highway, etc., and the evidence introduced was to the effect that one Paul Cote, son of the Plaintiff, was operating the car at the time and place in question and that the Plaintiff was not present.

"SECOND: That the plaintiff failed to establish any damages sustained in the case.

"THIRD: That the jury's verdict of Two Hundred Dollars damages was excessive and contrary to the evidence and that

there was no evidence in the case on which a verdict for Two Hundred Dollars could be predicated.

"FOURTH: That the evidence viewed in the light most favorable to the Plaintiff showed that he was guilty of contributory negligence.

"FIFTH: That the amount of the verdict was the result of passion, bias and prejudice and was wholly unsupported by the evidence."

In dealing with the questions before us we must consider that the declaration as amended alleges in effect that the plaintiff's car, at the time and place of the accident, and with his knowledge and consent, was being operated by his son Paul. As a general proposition, these facts, standing alone, are not sufficient to make Paul's contributory negligence, if any, chargeable against his father. However the case was tried below upon the theory, acquiesced in by both parties and by the court, that the circumstances under which Paul was driving his father's car at the time and place of the accident, made his contributory negligence, if any, chargeable against his father, the plaintiff. Therefore, this theory, whether right or wrong, has become the law of this case and we treat it as such for the purposes of this opinion. *Gentes* v. *St. Peter,* 105 Vt. 103, 104, 163 Atl. 569; *Sharby* v. *Town of Fletcher,* 98 Vt. 273, 278, 127 Atl. 300; *Kasuba et al.* v. *Graves,* 109 Vt. 191, 198, 194 Atl. 455.

As to the first ground of the defendant's motion, it is sufficient to note that after the plaintiff amended his declaration, which he did by leave of court, the alleged defect no longer existed and so we give no further attention to this question.

Two of the three grounds set forth in the third paragraph of defendant's motion, viz: that the verdict was excessive in amount and that it was contrary to the evidence, were addressed to the court's discretion and its action thereon will not be disturbed unless it is made to appear that the court has abused or withheld its discretion. As to the claim that the verdict was excessive, see *Rule* v. *Johnson,* 104 Vt. 486, 490, 162 Atl. 383; *Jacobs* v. *Loyal Protective Ins. Co.,* 97 Vt. 516, 527, 124 Atl. 848; *Raymond* v. *Sheldon's Estate,* 92 Vt. 396, 400, 104 Atl. 106.

As to the latter of these grounds, there is a distinction between a motion to set a verdict aside as being contrary to the

evidence and one based upon the ground that there is no evidence to support it. While the first is addressed to the court's discretion the other presents a question of law. *Collins* v. *Fogg,* 110 Vt. 465, 8 Atl. 2d. 684, 687; *Belock et al.* v. *State Mutual Fire Insurance Co.,* 106 Vt. 435, 439, 175 Atl. 19; *French* v. *Wheldon,* 91 Vt. 64, 68, 69, 99 Atl. 232.

▆▆▆ The remaining ground stated in paragraph three of this motion, also those set forth in the second and fifth paragraphs thereof, may be summarized as a claim that there was no evidence to support the verdict and therefore present questions of law. See cases last above cited.

▆▆▆ The grounds set forth in the fourth paragraph also present a law question since here the defendant asks the court to rule as a matter of law that the plaintiff was guilty of contributory negligence. This claim is made upon the theory followed below in the trial of the case as hereinbefore stated.

We now give attention to those grounds of the motion which were addressed to the court's discretion.

As to the claim that the verdict was excessive, one F. B. Russell of St. Albans testified in effect as follows: He was at the time of the trial and since 1911 had been an automobile dealer and operated a garage at St. Albans. He had the agency for Hudson and Terraplane cars, both now known as Hudsons. In September 1939, plaintiff's 1937 Terraplane automobile was brought to his shop to be repaired. He had not seen this particular car before the accident but he had dealt in cars and had charge and oversight of his repair shop where he employed four workmen. He saw the car in question when it was brought to his place of business, knew about it being repaired there and checked with the men who did the work as to new parts used. He gave it as his opinion that this car was worth around $525 before the accident and from $200 to $250 when it was brought in to be repaired. He stated that the frame, front axle, wheel, left front fender, the drag link, tie rod and numerous arms there which are not straight and other parts, which he could not then mention, were damaged.

Paul Cote testified that these repairs were all made necessary by the accident in question.

None of the above mentioned evidence was in any way contradicted.

■ Thus, the only evidence on this subject matter tended to show that the damage to the car as a result of the accident was from $275 to $325. But the *ad damnum* in the plaintiff's writ was $200 and the jury were instructed by the court in its charge that they could not bring in a verdict for more than that amount. In this respect this case differs from the case *Collins* v. *Fogg*, 109 Vt. 433, 435, 199 Atl. 251. Hence the defendant's contention that these cases are alike is not sound.

The jury were also instructed that they might consider the testimony of "* * * Mr. Russell, garageman, who qualified as an expert as to the condition of the car after the accident, the parts which were broken and the value of the car before and after the accident." No exceptions were taken to this part of the charge.

All the evidence on this subject matter tended to show that the amount of damage to the plaintiff's car was more than the verdict. The instructions of the court appear to account for the fact that the verdict was for $200 only.

Concerning the claim that the verdict was contrary to the evidence, it appears from what has been hereinbefore stated that as to the question of damages the sum named in the verdict was the only amount which could reasonably be obtained by applying the court's instructions to the evidence on this question.

Concerning the question of liability, the jury could reasonably find as follows from undisputed evidence in the case.

At about two o'clock on the afternoon of September 2, 1939, the plaintiff's car, with his knowledge and consent, was being driven in a southerly direction by his son Paul on U. S. Route No. 7 between Swanton and St. Albans. At some point on this highway Paul saw three cars approaching him in a line traveling in a northerly direction and the car in the rear of this line was being operated by the defendant. Paul saw the defendant's car come out from behind the car in front of it and cross over to the westerly side of the highway getting over the center line of the road about two feet. At this time the Cote car was about fifty or sixty feet away from the Boise car. The cause of the defendant's car going over upon the westerly side of the highway as explained by the defendant to Motor Vehicle Inspector James Malloy as stated by Malloy in his testimony was that the car in front of the defendant stopped so suddenly that he could

not avoid hitting it and his car struck the other in such a manner that it glanced off to his left and into the path of the Cote car.

As to the duty of the driver of an automobile in trailing another car see *Williamson* v. *Clark,* 103 Vt. 288, 292, 153 Atl. 448.

When Paul saw the defendant's car come over upon the westerly side of the road in front of him he applied his brakes and pulled to his right as far as he could without hitting the guard rail on the westerly side of the highway. When the cars collided the front end of plaintiff's car was touching or almost touching this guard rail and the rear end was about one and one half feet from it. When the cars came together they stopped at once. Just before the accident Paul was driving at about forty miles per hour. The Cote car traveled about thirty-five feet from the time its driver applied the brakes until the cars came together. The traveled part of the highway at the place of the accident is twenty feet wide and is made up of two strips each ten feet wide.

All of the evidence concerning this issue tended to show that the defendant was guilty of negligence which contributed to this accident as a proximate cause of it and that the driver of the Cote car was free from contributory negligence. The defendant points to no evidence having a different tendency and a careful reading of the transcript shows none.

From the foregoing it appears that in setting aside the verdict on the grounds that it was excessive and was contrary to the evidence, the court exercised its discretion on grounds or for reasons clearly untenable. This constitutes an abuse of discretion. *Schlitz* v. *Lowell Mutual Fire Insurance Co.,* 96 Vt. 337, 342, 119 Atl. 513; *State* v. *Stacy,* 104 Vt. 379, 389, 160 Atl. 257, 747.

The grounds in the defendant's motion based upon the claims that there was no evidence to support the verdict and that the evidence showed the plaintiff guilty of contributory negligence are disposed of by what we have hereinbefore stated.

The conclusions reached by us as to the action of the court in setting the verdict aside make it unnecessary to consider the other question mentioned by the plaintiff in his brief, viz: his exception to the court's action in refusing to grant his motion to direct a verdict for the plaintiff on the question of

liability. However, we may state in passing that the error here, if any, was rendered immaterial by the jury returning a verdict for the plaintiff. *Parizo* v. *Wilson et al.,* 101 Vt. 514, 518, 144 Atl. 856; *Jasmin* v. *Parker et al.,* 102 Vt. 405, 414, 148 Atl. 874; *State* v. *McGuire et al.,* 104 Vt. 82, 84, 156 Atl. 877.

The bill of exceptions states that: ''Execution of judgment stayed and cause passed to the Supreme Court.''

We have construed this to mean that the trial court acted under the authority conferred by P. L. 2072 and P. L. 1431 and in its discretion passed the exceptions to this Court for determination before final judgment. When this is done the transfer order should clearly state such to be the fact.

*Judgment setting aside the verdict is reversed and cause remanded.*