# Arlis Pooler v. James E. Derby

[278 A.2d 732]

No. 46-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed April 6, 1971

Motion for Reargument Denied May 25, 1971

*Abatiell & Abatiell,* Rutland, for Plaintiff.

*Wick, Dinse & Allen,* Burlington, for Defendant.

**Smith, J.** This action was commenced in the Rutland County Court by a civil action, brought by the plaintiff-appellant against the defendant-appellee, to recover damages for personal injuries sustained by the plaintiff as the result of a pedestrian-automobile accident involving an automobile driven by the defendant, which accident occurred on November 14, 1967, in the City of Rutland. Trial was had in Rutland County Court on January 22 and 23, 1970, which resulted in a jury verdict in favor of the defendant. The appeal here presents one question only, in that the plaintiff claims the lower court erred in its failure to charge the doctrine of last clear chance to the jury.

No question is presented here but that the plaintiff set forth in his complaint the last clear chance doctrine, that he requested the court to instruct the jury upon such doctrine in the charge, and that exception was taken by the plaintiff upon the refusal of the lower court to so instruct the jury. It further appears from the record before us that after the verdict of the jury the plaintiff moved to have the verdict for the defendant set aside and a new trial granted upon the ground that the claimed error in the lower court's failure to charge the last clear chance doctrine resulted in prejudice before the jury, to the plaintiff.

No objection was made during the trial to the evidence offered by the plaintiff to sustain his burden of proof on the subject matter of the complaint, including the last clear chance doctrine. For this reason, the plaintiff claims that the doctrine of last clear chance became the law of case and that the lower court was in error to deny an instruction on such doctrine. But the law of case is only applicable when a theory of law is proceeded upon by both court and counsel. *Leno* v. *Meunier,* 125 Vt. 30, 32, 209 A.2d 485 (1965). The refusal of the lower court in the instant case to instruct the jury upon the last clear chance doctrine, and its action in not permitting counsel for the plaintiff to argue to the jury upon this principle of law, makes evident that the court had not proceeded in the case upon the last clear chance doctrine, even

if counsel may have done so. Further, the case was not submitted to the jury upon this theory of the law, now claimed to be the law of case, under the charge of the court, as was the case in *Gentes* v. *St. Peter*, 105 Vt. 103, 104, 163 A. 569 (1933). Plaintiff takes nothing under this contention.

A statement of the last clear chance doctrine is that it ". . . presupposes a perilous situation, created or existing through the negligence of both plaintiff and defendant, but assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by use of means available, avert the accident. In such case, the negligence of the parties creating the situation is regarded as remote and that of the defendant in not averting the accident, after the peril is or should have been discovered, becomes the sole proximate cause of the injury." *Lachance, Admr.* v. *Myers,* 98 Vt. 498, 505, 129 A. 172 (1925), quoted with approval in *Wright* v. *Nasal,* 129 Vt. 66, 271 A.2d 833, 834 (1970).

■■ The burden rested upon the plaintiff to prove his case whether he came within the last clear chance doctrine or not. *Bunnell* v. *McGregor,* 101 Vt. 379, 380–81, 143 A. 643 (1928). In his written brief, and in oral argument before this Court, the plaintiff has attempted to prove that he met this burden by evidence taken in the light most favorable to the defendant. While in a case involving an appeal only from a final judgment, this Court must view the evidence in the light most favorable to the prevailing party below, this is not the rule we must follow in ruling upon the correctness of a charge of a lower court to which exception has been taken.

"On appeal, the correctness of a charge must be determined in the light of the situation presented at the time the instructions were given, . . . ." *Stocker* v. *Boston and M. R. R.,* 84 N.H. 377, 151 A. 457, 458 (1930); 5 Am.Jur.2d *Appeal and Error* § 893, at 332.

We are, therefore, at liberty to consider all the evidence presented by both parties on the matter of last clear chance in considering the question presented.

The accident, which led to the action of the plaintiff for damages for injuries received, occurred in the City of Rutland,

on North Main Street in said city, which street is a part of U.S. Route 7, and was at a point just southerly of the intersection of No. Main Street and West Street. At this intersection, there are traffic lights which control the movements of traffic where the east-west West Street meets the north-south Main Street.

Main Street, from the intersection south, is a four lane highway, with two south-bound lanes and two lanes which can be travelled in a northerly direction. The plaintiff was crossing North Main Street at, or about, 11 P.M. starting from the west side of North Main Street with the view of procuring some coffee at a diner located on the easterly side of said street. He had crossed the two south-bound lanes of said street, as well as the westerly lane of the two north-bound lanes, when he and the car of the defendant collided on the westerly side of the easterly or outside lane of the two north-bound lanes of travel on North Main Street.

The situation presented to the lower court at the time that instructions were given to the jury was one of conflicting evidence. The plaintiff, and his witnesses, testified that plaintiff was crossing the street, in, or near the vicinity of a crosswalk, proceeding at a walk. The testimony also was that when plaintiff started on his walk across the street, the traffic lights at the intersection showed red to halt north and south traffic, but that the signal changed to a cautionary yellow after his walk had started. The witnesses, Zullo and Ackley, situated on opposite sides of North Main Street, testified that the car of the defendant entered into North Main Street from West Street, to the east, and turned in a northerly direction down North Main Street. Both these witnesses testified that the plaintiff was thrown some distance into the air when hit by the defendant's vehicle as plaintiff was three-quarters of the way across the street. Plaintiff recalled nothing of the actual accident.

The testimony of the defendant and his witness to the accident, a Mr. MacFarlane, was at considerable variance with the evidence related above.

It was MacFarlane's testimony that he had stopped at the intersection in response to the red traffic light, and was in the westerly lane of the two northward lanes on North Main Street. Starting his car and proceeding at a speed of ten miles per hour, he saw the plaintiff start to "run" from the west side of

North Main Street toward the east side, in a diagonal pattern, and that he applied his brakes in time to prevent the plaintiff running into his vehicle. It was also MacFarlane's testimony that he did not observe the vehicle driven by the defendant until it had drawn along side of him, in the easterly lane of North Main Street, to his right, and that he first observed the defendant's vehicle when the front of such car came opposite the windshield of his car.

The defendant testified that he was heading north on North Main Street, in the easterly lane of travel and that the traffic light at the intersection changed before he reached that point, so that while he slowed to a speed of ten miles per hour, he did not have to come to a full stop. He noticed the MacFarlane vehicle in the lane to his left, and was a little more than a car length behind it when he saw it brake to a stop. It was only then, testified the defendant, that he saw the plaintiff.

Defendant's testimony was that he first observed the plaintiff as he came from in front of the MacFarlane car, at a time when he was some fifteen feet from him, and that the plaintiff was "dodging" across the road at an oblique angle. The defendant applied his brakes, but the left front of his car came in contact with the plaintiff. He did not sound his horn, although an ordinance of the City of Rutland, admitted as an exhibit, required him to do so when a pedestrian was in his path. The defendant testified that he knew the plaintiff was in a perilous situation. It is not disputed that the defendant was at the extreme left of his lane of travel, in a car whose width was five feet, and that the width of the lane in which he was travelling was between fifteen and nineteen feet.

Under the conflicting testimony, as briefly summarized above, there can be no doubt that questions of fact were presented to the jury, both on the question of the negligence of the defendant, and the contributory negligence of the plaintiff, which had been properly pleaded as an affirmative defense. The court so charged.

Under the circumstances and evidence before the trial court at the time the request to charge was made, the jury could well have found that the plaintiff was contributorily negligent in causing the accident. The resultant verdict for the defendant may well indicate that they did so.

By the defendant's own testimony, he observed the plaintiff in a position of peril while still at least fifteen feet from him, and at a time when he had already noted the sudden stoppage of a vehicle in the lane beside him, going in the same direction. Although he was travelling at a speed of only ten miles per hour, his application of his brakes did not prevent his car from hitting the plaintiff. The defendant did not sound his horn, nor did he make any effort to avoid the plaintiff by turning to the right side of his lane of travel.

The defendant's version of his own observation and conduct in the exercise of reasonable care opened the question of whether he could have prevented the injury he inflicted on the plaintiff. This was a pedestrian case but the last clear chance doctrine has appropriate application in pedestrian cases. 7 Am.Jur.2d, *Automobiles and Highway Traffic* § 408 and 411.

One of the essential elements of the last clear chance doctrine "is that the defendant must discover the plaintiff in a position of peril at a point where the defendant can avert the accident but the plaintiff cannot, the perilous situation arising from negligence on the part of both parties." *Starr's Transportation, Inc.* v. *St. Johnsbury and Lamoille County Railroad,* 123 Vt. 376, 381, 189 A.2d 525 (1963).

The evidence before the court and jury could have established that the plaintiff was in a perilous situation, brought about by his own negligence, and that he was either oblivious to the peril, or unable to extricate himself therefrom. Also established was that the defendant had discovered plaintiff's perilous situation, and that he must have known that injury would occur if the accident was not, or could not, be prevented. We think, under these circumstances, that it was a question of fact for the jury to decide whether the plaintiff had met his burden of proof on whether the defendant could have avoided the accident by the exercise of due care, and whether he failed to do so. Such fact could only have been decided by the jury under proper instructions of the trial court on the application of the doctrine of last clear chance.

*Reversed and remanded.*